## BOLLING v. CARTER & WOMACK.

1. The pendency of a suit by the mortgagor of a slave against the mortgagee for a foreclosure, is sufficient notice to one who takes a mortgage *pendente lite*, to prevent the last mortgage from having the priority, although that is, and the first one is not recorded.

Appeal from a decree of the Court of Chancery for the 7th District.

Carter and Womack, on the 19th of March, 1843, exhibiten their bill in Chancery, in the Chancery Court of said district, against one Skanes, to obtain a decree of foreclosure on a mortgage by him of a slave. A decree was pronounced at the June term, 1845, directing, that if a certain sum was not paid to the complainants with the costs of suit previous to a fixed day, the defendant, Skanes, should be foreclosed from all  equity of redemption, and the Master sell the slave, &c. The slave came to the possession of Bolling, during the pendency of the suit, by a mortgage from Skanes to him and Bolling, under this, sold the slave, claims it as his property, and refuses to deliver it to the Master, to be sold under the decree.

These facts are stated in a petition to the Chancellor, and the complainants ask that Bolling may be compelled to deliver the slave to be sold, &c.

A copy of the petition, with notice to appear, &c. was served on Bolling, who answered, insisting the mortgage under which the decree was made, although placed on record, was never acknowledged, or proven, in any manner, and that he, Bolling, had no knowledge whatsoever of its existence or execution; that on the 20th May, 1844, Skanes, for the consideration of $511, then paid him, executed to Bolling a mortgage of the same slave, conditioned to be void upon the payment of the said sum by Skanes to Bolling, on the 1st

116

Bolling v. Carter & Womack.

January 1845, with power to Bolling to sell the slave at public auction, if the money should be unpaid. Under this power, Bolling exposed the slave to sale, and himself became the purchaser. The mortgage was duly acknowledged and recorded on the day of its date. Under these circumstances, Bolling insists the mortgage under which the decree was made, is absolutely null and void, and that he has the right to retain the slave, notwithstanding the decree.

The facts of the petition and answer are verified by affidavits.

The Chancellor considered the pendency of suit against Skanes as sufficient notice to Bolling, his mortgage having originated after the commencement of the suit, and ordered the slave to be delivered by him to the Master, to be sold under the decree. Also, that Bolling should pay the costs of the petition.

Bolling appealed from this order, and here assigns it as error.

T. J. JUDGE, for the appellant, insisted—

1. The facts disclosed show, that Bolling is a subsequent purchaser, without notice, of a prior unregistered deed. All such, by the statute, (Clay's Dig. 256, § 5,) are declared void. [Cummings v. McCullough, 5 Ala. Rep. 329.]

2. There was no *litis pendentis* at the time of Bolling's purchase to charge him with notice. The question in litigation must relate to the estate, and not merely to money secured on it. [2 Sugd. on Vend, 325.]

3. Bolling's mortgage was registered as the law requires, and a *lis pendens* is not of itself notice for the purpose of postponing a registered deed. [Wyatt v. Barwell, 19 Vesey, 435; Murray v. Finster, 2 John. Ch. 155.] It is only actual notice which will give the unregistered deed preference over one that is registered. [1 Story's Eq. 406.

No counsel appeared for the appellees.

GOLDTHWAITE, J. 1. Considering mortgages of personal property as conveyances in trust for the purpose of securing debts, they are within the terms of the statute which

declares such conveyances, unless recorded in the manner therein directed, shall be void against creditors or subsequent purchasers, *without notice.* [Dig. 256, § 5.] Similar protection had previously been given to *bona fide* purchasers and mortgagees, for a valuable consideration, of real estate, *not having notice,* against unregistered deeds. [Dig. 154, § 18.] From the similarity of terms used in these statutes, it seems evident, .the notice, to affect the subsequent purchaser, must be the same, whether the purchase is of real or personal estate. ⟨ The question to be decided is, what is notice under these statutes?

It will be remembered, the English statutes of registration were not common to the whole kingdom, and as we infer from the decisions, contained no exception of notice. [Le Neve v. Le Neve, 1 Vesey, 64; H. & B. Notes on Coke on Litt. 290, b. § 11.] It was then entirely matter of equitable construction, when the Courts of Chancery first held, it was a fraud in the holder of a registered deed, to take the estate, when he had actual notice of the conveyance of the estate, by one which was not registered. Subsequent decisions *there* have established that the notice must be such as to fix a fraud on the conscience of the subsequent purchaser, and it is in this view the courts of England held that a *lis pendens* is not sufficient, as that is only constructive notice. [Wyatt v. Barwell, 19 Vesey, 435.] In the American courts, the rule is believed to be universal, that constructive notice is sufficient to prevent a subsequent registered deed from taking priority of one that is unregistered. [1 Story, § 403.] We cannot suppose the intention of the legislature, in these enactments, to be to exclude the same notice which would prevail against one purchasing property which never was, but only contracted to be, conveyed.

It is perfectly clear, that a bill filed for the specific performance of a *contract,* in relation to land, will affect a purchaser from the defendant pending the suit. And can it be imagined, that one having the *actual title* by mortgage, can be in a worse condition? What distinction in principle is there to allow the rights of the complainant to be defeated by a subsequent purchase, when he has filed his bill to *fore-*

*close a mortgage,* and to sustain these rights when the *contract is unexecuted* by a conveyance?

We apprehend no answer can be given to these questions, which will establish the right in the one instance and not in the other. On principles of public policy, it has always been considered, that a suit in equity for a specific estate, or thing, has the effect to bind all parties who became interested pending the suit. [Murray v. Balow, 1 John. Ch. 566.] The very condition of this case is a strong illustration that the rule should be, as we conceive it to be, universal. It would be impossible in the nature of things, after the omission to register the mortgage, to give a notice so general that all the world should know it, and unless the suit affected the title in the possession of Skanes, it would at all times be in his power to defeat the mortgage by a sale to another. We have given more time and space to this case, because we find the Court of Appeals of Virginia, under similar circumstances, have decided, that the right of a mortgagor was defeated by a sale or mortgage, *pendente lite.* [Newman v. Chapman, 2 Rand. 93.] In Kentucky, however, the courts seem to hold an entire concurrence in the views expressed by us. [Thomas v. Southard, 2 Dana, 475 ; Doe v. Chaudron, 8 Ala. Rep. 570.]

In relation to the costs of the petition, the uniform practice of the court is not to reverse on such a question; it is therefore unimportant to decide whether they should, or should not have been given.

On the whole, we are entirely satisfied there is no error in the decree.

Decree affirmed.