# Hooper *v.* Payne.

*Statutory Claim Suit for Cotton.*

1. *Mortgage by minor of crop raised on father's land; conclusiveness of judgment.*—A minor, living with his father and mother, cultivating a part of their land on his own account, procuring his own supplies, and paying his own expenses, may give a mortgage for supplies on his ungathered or unplanted crop; and his mortgagee may recover the crop from a purchaser at a sale under a prior mortgage executed by his father and mother, who afterwards recovered a judgment in ejectment for the land, with damages for the use and occupation of the portions not cultivated by the son, under which the son was dispossessed before the crop was gathered, although he was not made a defendant to the action; and the mortgagee's title to the crop is not affected by the fact that he had notice of the pending ejectment suit when he took his mortgage.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. LEROY F. BOX.

On the 28th October, 1890, the appellee in this case, W. H. Payne, sued out a writ in an action of statutory detinue against W. O. Spier, to recover 2,258 pounds of seed-cotton; and the writ was executed on the same day. A claim to the cotton was interposed on the 1st November, by J. F. Hooper, for whom Spier held the cotton as agent; affidavit was made, and bond given for a trial of the right of property under the statute; and this appeal is taken from the judgment rendered on the trial of that suit. The plaintiff in the detinue suit claimed the cotton under a mortgage executed to him by R. A. Smith, which was dated January 14th, 1890, and conveyed the mortgagor's crops to be raised during the year 1890, which were not then planted. The claimant derived title under a mortgage executed to a loan association by Araminta and G. W. Smith, who were the mother and father of said R. A Smith; which mortgage was executed February 7th, 1882, conveyed the tract of land on which they resided, and contained a power of sale on default; and being foreclosed under the power, May 10th, 1887, the claimant became the purchaser. On the 2d August, 1888, he commenced a statutory action in the nature of ejectment, and recovered a judgment, September 10th, 1890, "against Araminta Smith and Warren P. Smith," for the tract of land, and $250 as damages for the use and occupation; but these damages were not assessed for any part

of the land of which R. A. Smith claimed to be in possession, and on which said cotton was raised during the year 1892 R. A. Smith was a minor, and lived with his father and mother, "but he worked for himself during the years 1887–8, raised a crop on his own account, and made his own arrangements for supplies; and from the year 1887 up to the commencement of said detinue suit he was not the tenant of his mother, nor under her control." He continued in possession of this particular portion of the land, from 1887 to 1890, and raised a crop each year; but the question of possession at the commencement of the ejectment suit being controverted, it was submitted to the decision of a jury, who·found, as a special verdict, "that said Araminta and R. A. Smith were in the joint possession of that particular land at the commencement of said suit." R. A. Smith was not made a defendant to the ejectment suit, but he was dispossessed by the sheriff, October 3d, 1890, under a writ of possession issued on the judgment in that suit. At that time, the crop on the land was ungathered, and he notified the sheriff that he was in possession of the land, that the crop belonged to him, and that he was not a party to the ejectment suit, nor included in the writ of possession. It was admitted, also, that Payne, the plaintiff in the detinue suit, had notice of the pending ejectment suit when he took his mortgage on the crop.

On these facts, which were admitted, the court charged the jury, on request, to find for the plaintiff if they believed the evidence. The defendant excepted to this charge, and here assigns it as error.

Jno. M. Chilton, and Thos. L. Bulger, for appellant, cited *McCall v. Pryor*, 17 Ala. 533·; *Douglass v. Eason*, 36 Ala. 687; *Hendricks v. Rasson*, 49 Mich 83 ; *Miller v. Vaughan*, 73 Ala. 312; *Howard & Holman v. Kennedy*, 4 Ala. 592; *Coffee v. Hunt*, 75 Ala. 236 ; *Comer v. Shehan*, 74 Ala. 452; *Smith & Co. v. Rice*, 56 Ala. 417; *Beatty v. Brown*, 76 Ala. 267 ; *Carlisle v. Killebrew*, 89 Ala. 333.

W. D. Bulger, and H. A. Garrett, *contra*, cited Sess. Acts 1888–9, p. 45; *Pearce v. Jackson*, 56 Ala. 599 ; *Cooper v. Watson*, 73 Ala. 252 ; *Smith v. Gayle*, 58 Ala. 600.

STONE, C. J.—In August, 1888, Hooper, the appellant, instituted a statutory action of ejectment against Araminta and G. W. Smith. The subject of the suit was a tract of land on which the said G. W. and Araminta Smith were then residing. Only the husband and wife were made parties defendant.

Hooper recovered in that action September 10, 1890, and also recovered two hundred and fifty dollars damages, for use and occupation of the premises while they were withheld from him, Hooper. No part of this two hundred and fifty dollars was for the use and occupation of the part of the land cultivated by R. A. Smith, to be explained presently.

R. A. Smith is a son of G. W. and Araminta Smith, and was under twenty-one years of age. He, in 1890, and for three years before that time, cultivated a part of the tract of land which Hooper recovered in the action of ejectment. He lived or boarded with his parents, and the agreed statement of facts shows that, while the part of the land he cultivated was in the joint possession of himself and his mother, he cultivated on his own account, procured his own supplies, and had the entire management, control, ownership and disposition of the crops grown by him. He, in January, 1890, mortgaged the crop to be grown that year to Payne, to procure supplies to enable him to make the crop, which gave rise to this suit. At that time, Payne knew that Hooper's ejectment suit was pending against G. W. and Araminta Smith, for the recovery of the land.

The infancy of R. A. Smith is not, *per se*, a controlling factor in this case. If a disability, it was personal to him, and could not be set up by a mere stranger.—3 Brick. Dig. 563, §§ 16, 17. Hooper sustained no relation to him, which authorized him to assert and maintain the proposition that G. W. Smith, his father, was the owner of the crop grown by the son. True, under ordinary circumstances, and in the absence of R. A. Smith's mortgage to Payne, which secured the supplies with which the crop was made, it is possible the father could have claimed and disposed of the crop at any time while it remained under the control of the minor son. *Stovall v. Johnson*, 17 Ala. 14. He asserted no such right. The testimony, as we have seen, shows that R. A. Smith, with the consent of his father and mother, furnished his own supplies, and cultivated the crop with his own labor, and for his own use. We think the circumstances justify the presumption that the mortgage to Payne was with the father's approbation. Coming to these conclusions, we hold that this case must be tried without any reference to the relationship between R. A. Smith and G. W. and Araminta Smith.

When the ejectment suit was instituted, and continuously until he was evicted under the writ of possession, R. A. Smith was in possession, and cultivating the particular land on which the cotton was grown, the subject of this suit. He was not sued in the action, and hence was not concluded by the judg-

8

ment recovered. As to him it established nothing, accomplished nothing. So far as the rights of these parties are concerned, that suit cuts no figure. The case then stands as if Hooper had dispossessed him without suit, and without process; a mere forcible eviction. Such being the case, the right to the crop, in a personal action brought for its recovery, can not be determined by showing that the title to the land was in Hooper. To conclude R. A. Smith, he should have been made a defendant to the ejectment suit.—*Smith v. Gayle,* 58 Ala. 601, 604–5; *Cooper v. Watson,* 73 Ala. 252.

The mortgage vested in Payne a sufficient title to maintain the suit.—Sess. Acts of Ala. 1888–9, p. 45.

Affirmed.