# Thompson, *et al.* v. Thompson.

*Bill in Equity for an Account against Trustees In Invitum.*

1.   *Code 1886 § 2353 construed.*—Code § 2353, providing that if a married woman having a separate estate dies intestate, leaving a husband living, he is entitled to one-half of the personalty of such estate absolutely, and to the use of the realty during his life, confers on the surviving husband the title to one-half of such personalty freed from all restraint, limitation or condition, and vests in him a life estate in the realty with remainder or reversion in fee to the heirs of the wife.

2.   *Jurisdiction of equity, in absence of agreement, to apportion proceeds of land sold by tenant for life and remainderman.*—Where a tenant for life and the remainder-man unité in a sale and conveyance of the estate, without providing for an apportionment of the purchase money between them, equity has jurisdiction to apportion the proceeds according to their interests in the land at the time of the sale.

3.   *Same; in court of law.*—Where a tenant for life and the remainder-man unite in a sale and conveyance of the estate without providing by agreement for the apportionment of the proceeds of sale, a court of law has no jurisdiction to make the apportionment.

4.   *Parties—purchaser giving mortgage to secure purchase money, necessary party to bill to determine interests of claimants to the fund.*—To a bill by a surviving husband against the next of kin for a distributive share in the proceeds of a sale of the deceased wife's real estate made by them jointly the purchaser of the larger part of the realty, who has given a mortgage for the price, is a necessary party.

5.   *Jurisdiction of equity to partition personal property among distributees without administration.*—Where an estate is free from debt, and the next of kin are all adults, and refuse to make partition of the personal property, equity has jurisdiction, without administration, to order such partition at the instance of a surviving husband, and the fact that the next of kin claim adversely to plaintiff, or in hostility to each other, is immaterial,

6,   *Surviving husband may maintain bill for account against distributees who converted personal estate of deceased wife.*—Where the next of kin have converted personalty of the estate to their own use, a trust in invitum arises in favor of a surviving husband of decedent, and equity has jurisdiction to compel the trustees to account,

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. W. H. TAYLOE.

William H. Thompson and Mary V. Thompson were married on June 27, 1867. At that time, she had some little property, part of which consisted of a flock of sheep. In the year 1883 this flock of sheep had increased to one thousand head, and were sold for $2,500. With a part of the money from the sale of the sheep, Mary V. Thompson bought a store-house and lot, and an adjoining vacant lot. Upon the latter she built a dwelling-house, in which she and her husband lived. With the remaining portion of the proceeds from the sale of the sheep, Mary V. Thompson bought a stock of general merchandise, and with her husband's assistance carried on a successful mercantile business until her death. With a part of the income from said mercantile business, Mary V. Thompson purchased other real estate. Mary V. Thompson died on July 9, 1893, and left surviving her husband, William H. Thompson, and her six sons, the children by her former husband. She died seized of the store-house and lot, and the stock of goods therein, her residence and lot, and the other real property which she had bought. At the time of her death, she also owned a large sum of money, horses, cattle and other personal property. After her death, her sons sold the real estate, William H. Thompson joining in the conveyance. Her said sons also took possession of all her personal property except about $300, and refused to account with the surviving husband for the same, and denied any right of his therein. Thereupon William H. Thompson, as the surviving husband of Mary V. Thompson, deceased, filed the present bill, in which he alleges the facts as above stated, and claims that he has an interest in the proceeds of the sale of the real estate, equal to the value of his life interest in said real estate, and that he is entitled to one-half of all the personal property of which Mary V. Thompson died seized. It was also averred in the bill that some of the lots, which were owned by Mary V. Thompson were sold by her sons to John A. Moore, who, to secure the payment of the purchase money of said lots, executed a mortgage thereon. It was also averred in the bill that Mary V. Thompson did not owe, at the time of her death, any debts, and that

all of her heirs, and the next of kin were adults.

The bill prayed to have the complainant's interest declared in said real and personal estate, of which Mary V. Thompson died seized, and in the proceeds of any of such property as may have been sold.

The respondents demurred to the whole bill on the ground that the complainant had a full, adequate and complete remedy at law ; to so much of the bill as sets up a claim to the real estate or its proceeds, upon the same grounds; and a like demurrer was interposed to so much of the bill as claims an interest in the personalty of which Mary V. Thompson died seized. The bill was also demurred to on the ground that John A. Moore, a necessary party was not made a party defendant to said bill.

Upon the submission of the cause, upon the demurrers, the chancellor rendered a decree overruling the same. The respondents appeal from this decree, and assign the same as error.

GREGORY L. & H. T. SMITH, for the appellants.

SAMUEL B. BROWN and J. N. MILLER, for the appellee. The court of chancery has original jurisdiction to compel the distribution of the assets of a deceased person, in case of intestancy, according to the statutes of distribution.—53 Ala. 178.

The jurisdiction of equity courts to distribute the assets of deceased persons is original, and while parties may have other remedies, the jurisdiction of equity in such cases remains unless expressly taken away by statute ; such statute must contain express words of exclusion.—55 Ala. 590.

All the demurrers set up that the complainant has complete remedy at law ; in the case of realty, by action of ejectment, and in the case of personalty by detinue and trover. The bill avers that part of the realty has been sold by him and the defendants, and deeds made to purchasers, but that defendants held the purchase money notes, and refuse him his part of these notes. Ejectment could not be brought for this property ; part of the personalty is still on hand, there might be brought suit in detinue for this ; part of the personal property has been sold and converted by the defendants; for this,

[Thompson *et al.* v. Thompson.]

trover might be brought. Here would be a multiplicity of suits. This is ground of equitable jurisdiction itself. Brick. Dig. Vol. 1, p. 683, Sec. 1.

All the heirs are of age and made parties to the bill of complaint, and the chancery court can take jurisdiction and settle up the assets of the said decedent.—*Chambers v. Chambers*, 13 So. Rep. 674.

BRICKELL, C. J.—It is proper and more convenient, though each is derived from the same source, to consider the right and title to the realty preferred by the complainant, separately from the right and title preferred to the personalty. The statute (Code, § 2353), declares: "If a married woman having a separate estate die intestate, leaving a husband living, he is entitled to one-half of the personalty of such separate estate absolutely, and to the use of the realty during his life," etc. In *Marshall v. Crow*, 29 Ala., 280, it was observed: "This language is plain and unambiguous, and under it the husband takes as distributee in all the transmissible estate of which the wife died the owner, whether in possession or not. To the extent of his interest, his claim is of equal dignity to that of the next of kin to the intestate." The word *entitled*, the statute employs, when used as definitive or descriptive of the right to an interest in property, signifies to give title, right and claim; and the word *absolutely* distinguishes the right and title to the personalty, from the right and title to the realty. The one passes and is taken freed from all restraint, limitation or condition—in the other, a limited, qualified estate is created. In the husband, the statute vests in the realty, that which is known to the common law, as a life estate; and he, and the heirs of his wife, stand to each other in the relation of a tenant for life, and remainderman or reversioner in fee. The words of the statute are: "the use of the realty during his life." These words are appropriate to the creation of a life estate in lands, for the rule has long been settled, that a gift or devise of lands, or of the rents, profits and income thereof, passes the land itself.—1 Jarman on Wills (5th ed. Bigelow), 758; 2 Wash; Real property, 695, § 30. There is no reason for deflecting the words of the statute from the force and meaning they would bear if employed in a gift or devise; and all its

purposes are subserved, when the husband takes an estate for life, and the heirs take as remaindermen or reversioners in fee.

It is the well settled doctrine of courts of equity, that if a tenant for life, and the remaindermen or reversioner in fee unite in a sale and conveyance of the estate not by agreement providing for an apportionment of the purchase money between them, a court of equity will intervene and apportion it according to their respective interests in the land at the time of the sale.—1 Story Equity (12 ed.) § 488 a; *Foster v. Hilliard*, 1 Story C. C., 99. In the case cited, the subject was considered at large, and the manner of ascertaining the interest of the tenant for life is clearly described. The equity exists without regard to a contract or agreement between the parties; contract or agreement may displace it, but it is not essential to its creation. It rests upon the presumption that by the sale and conveyance, the parties did not intend the destruction, alteration or change of their respective rights and interests in the land, as between themselves; nor the mere conversion of the land into money; but that they intended the purchase money should stand in the place of the land, and that they should share therein according to their rights in the land at the time of the sale. The doctrine prevails only in courts of equity, and is capable of administration by them only. A court of law cannot make the apportionment, and as it looks only to the legal title of lands, not regarding equitable titles, or equities springing from the relations of the parties, the sale and conveyance passing the legal title to the purchaser, of all right of which the court can take cognizance, the parties are divested. It is obvious, the several demurrers, directed to such parts of the bill as seek the enforcement of the right and equity of the complainant as to the realty, were not well taken, and were properly overruled.

But the purchaser of the larger part of the realty to whom a conveyance of the fee had been executed, and who had reconveyed by mortgage to secure the payment of the whole or a part of the purchase money, is a necessary party to the bill. In his absence, the court cannot make a complete decree which will prevent future litigation and a multiplicity of suits. The bill is singularly wanting in clearness and accuracy of statement,

[Thompson *et al.* v. Thompson.]

and its insufficiencies in this respect render it demurrable, but a demurrer because of them has not been interposed, and it is the causes of demurrer assigned alone, we are considering. As an instance, it does not appear from the bill to whom the mortgage by Moore was executed. If executed to the complainant and the heirs jointly, the necessity of making the mortgagor a party is apparent. The mortgage debt constitutes the fund to be apportioned, and if the mortgagor is not a party, the decree of apportionment will not affect or bind him. It may be matter of inference, that the mortgage was executed to the heirs, the remaindermen, to the exclusion of the complainant. If this be true, the complainant is entitled to the benefit of its security, and to enforce it for the preservation of his rights and interests. The remaindermen cannot be charged with the purchase money, the mortgage debt, except so far as they may have received payment of it. In the taking of the account of payments, the mortgagor has a vital interest, if thereby his liability is to be affected. If not affected, the decree would be incomplete; future litigation would not be improbable, if it was not necessitated. The demurrer because Moore was not made a party, ought to have been sustained.

The remaining questions arise on the demurrers to such parts of the bill as relate to the right and claim of the complainant to an undivided half of the personalty. The bill avers that there has not been administration taken of the estate of the wife; that her estate is free from debt, and her next of kin and distributees are all adults. In *Marshall v. Crow*, 29 Ala., 274, it was stated as a general rule prevailing in courts of equity in this State, that "when an estate is left entirely free from debt, and the distributees do not invoke the action of the probate court to separate their several interests, but ask the chancellor to give them their respective shares, without the expense and delay of an administration, the bill will be entertained and the relief granted." Where an estate is free from all debt, and the next of kin are adults, an administration is, as has been often said in this court, an expensive and useless ceremony. If of the personalty, the next of kin cannot, or do not make partition between themselves, there can be no reluctance in the intervention and exercise by a court of equity of

its original, and if it was unaffected by statutory provisions, exclusive jurisdiction to partition personal property. The fact that the next of kin may be claiming adversely, or in hostility to each other, is not an impediment to the exercise of the jurisdiction. While bills for the partition of lands, if statutes do not provide otherwise, are not entertained, if the defendant denies the title of the plaintiff, and asserts in himself an adverse title and possession, the rule is not applied to bills for the partition of personal property. On such bills the court inquires into and determines the strength of titles asserted by a cotenant; and if such titles are not valid, and the parties are found to be cotenants, proceeds to decree partition.—Freeman on Cotenancy and Partition, § 426; *Marshall v. Crow, supra*; *Smith v. Dunn*, 27 Ala., 315. The defendants may have taken possession of the personalty in denial of the right and title of the complainant; unless they show that they have a superior right, or are not in fact cotenants with him, the manner or intent with which they possessed themselves of it, are immaterial. It may be there are legal remedies for the conversion of the personalty, which the complainant could have pursued, but such remedies are only concurrent, and not in exclusion of the remedy in equity.

There is another view in which the case, so far as the personalty is involved, may be considered. If the defendants have taken possession of so much of the personalty as consisted of money, and converted it to their own use, and of the other parts of the personalty to the exclusion of the complainant, they are trustees *in invitum*, and the jurisdiction of a court of equity to compel them to account cannot be doubted.—1 Perry on Trusts, § 245; 2 Story Eq. (12th ed.), §§ 1255-56; *Chambers v. Chambers*, 98 Ala., 454. The demurrers to such parts of the bill as relate to the personalty, were properly overruled.

For the error pointed out, the decree must be reversed and the cause remanded.