Merrimack, ⎱
Nov. 7, 1906. ⎰

## KENISTON v. GORRELL, *Guardian.*

Where a tenant for life and a remainderman have united in the compromise of a claim for damages to their realty and a sale of timber thereon, without agreement as to the disposition of the fund, it is presumed that they contemplated an equitable division according to their respective interests; and a finding of the trial court, that payment to the life tenant of the present worth of his interest in the principal sum, computed according to the tables of mortality, will constitute the most equitable apportionment under all the circumstances, presents no question of law.

BILL IN EQUITY, for an apportionment. Trial by the court. Transferred from the October term, 1905, of the superior court by *Pike*, J.

Sally Randall devised to the plaintiff certain real estate as follows: "I give and bequeath the use of my homestead place in Canterbury to Edith M. Keniston during her life, and at her decease said homestead is to become the property of her children in equal shares." The plaintiff has two minor children of whom the defendant is guardian. In April, 1905, certain timber standing on the premises was injured by fire caused by a railroad, and the defendant, as guardian and as agent for the plaintiff, received $600 in settlement for the damage. Subsequently the defendant sold his wards' interest in the damaged timber under license from the probate court, and at the same time, as agent for the plaintiff, sold her interest in the same property, receiving $600 for both

interests. The sale of the timber was necessary to prevent waste. In these transactions the plaintiff did not waive any right to the present worth of the proceeds, but expressly claimed that right of the defendant.

The plaintiff asks an apportionment of the present worth of her life estate in the $1,200, according to the mortality tables. The defendant claims that the fund should be invested and only the income paid the plaintiff. It has been his understanding since the fire that this should be done and he has not waived any right to such disposition, unless as matter of law such waiver appears from the facts stated. The apportionment claimed by the plaintiff is to be made, unless forbidden as matter of law.

*William B. Fellows*, for the plaintiff.

*Gawn E. Gorrell*, guardian, *pro se.*

PARSONS, C. J. The plaintiff under the will of Sally Randall, which gave her " the use of my homestead place in Canterbury . . . during her life," had a life estate therein. *Wood* v. *Griffin*, 46 N. H. 230, 234; *McClure* v. *Melendy*, 44 N. H. 469, 471. The fund in question arises from damages paid by the railroad for injury to timber on this homestead by fire and from a sale of the injured timber rendered necessary by the injury done to it. The fund therefore represents a diminution in value of the estate in which the plaintiff had a life interest and the defendant's wards the remainder, and is so much of the estate. If there were grounds upon which either party could have claimed a greater interest in any part of the proceeds,—a present estate in fee,—no such claim has been made or presented to the court for decision. Conceding that the plaintiff had no right to cut and sell any of the timber (*Miles* v. *Miles*, 32 N. H. 147), she nevertheless had the right to have it remain upon the premises; and as it has been severed without her fault, she is entitled to an estate for life in the proceeds, and to have the proceeds invested and the interest paid to her. *Stonebraker* v. *Zollickoffer*, 52 Md. 154,—36 Am. Rep. 364; *Bateman* v. *Hotchkin*, 31 Beav. 486. This the defendant concedes; and the only question presented is whether the order of the superior court directing an apportionment, by payment to the life tenant of the present worth of her interest in the sum according to the tables of mortality, is forbidden as matter of law.

The plaintiff could have sold and conveyed her life interest in the whole estate, and the proceeds would have been her own property. *Smith* v. *Jewett*, 40 N. H. 530, 533. As she could have sold her interest in the whole, she could have sold that interest in

any part of it. The remaindermen could have done the same. But the settlement and sale which produced the fund in question were joint, not several. There appears to have been no agreement as to the disposition of the fund created by the joint acts of the parties. When a fund is so created, in the absence of agreement it must be understood that the parties contemplated an equitable division according to the value of their respective interests. It has been said that "a court of equity will not interfere *in adversum* to change real estate into personal property, without imposing conditions by which the proceeds shall retain throughout the character of the original fund." *Foster* v. *Hilliard*, 1 Sto. 77, 88, 89. And where the change has been brought about by the fault of the life tenant, he cannot profit by his own wrong and hence has no interest in the fund. *Tooker* v. *Annesley*, 5 Sim. 235; *Bateman* v. *Hotchkin*, 31 Beav. 486. Neither of these conditions appearing, the equitable division of the proceeds according to the value of their several interests, which the parties must have contemplated by their joint action without agreement as to the division, presented a question of fact for the decision of the superior court. The division might be made in either method claimed by the parties. As a mathematical proposition, there is no difference between the two. The fact that one method has been found more equitable under the circumstances presents no question of law. *Houghton* v. *Hapgood*, 13 Pick. 154, 158; *Datesman's Appeal*, 127 Pa. St. 348; *Blakley* v. *Marshall*, 174 Pa. St. 425; *Henderson* v. *Henderson*, 4 Pa. Dist. 688; *Thompson* v. *Thompson*, 107 Ala. 163; *Foster* v. *Hilliard*, 1 Sto. 77; *Harrison* v. *Harrison*, 28 Ch. Div. 220, 230; 1 Sto. Eq. Jur., s. 488a; 16 Cyc. 639.

Whether the English rule of apportionment, which gives one third to the tenant and two thirds to the remaindermen (*Brent* v. *Best*, 1 Vern. 69), could have been adopted need not be considered. *Dennison's Appeal*, 1 Pa. St. 201; *Shippen's Appeal*, 80 Pa. St. 391; *Foster* v. *Hilliard*, 1 Sto. 77, 90; 1 Sto. Eq. Jur., s. 487. No facts are found showing the order to be inequitable as matter of law.

*Decree according to the order of the superior court.*

All concurred.