# Peters, *et al.*, *v.* Rhodes, *et al.*

### *Bill to Preserve A Trust.*

(Decided Feb. 15, 1908. Rehearing denied July 3, 1908. 47 South. 183.)

1. *Executors and Administrators; Equity; Jurisdiction; Execution of Trust.*—Where there are trusts to be executed which the probate court cannot enforce, chancery will assume jurisdiction of the administration after it has been commenced in the probate court.

2. *Equity; Jurisdiction; Future Estate; Bill Quia Timet.*—Upon a bill quia timet, equity will interfere and grant relief where there is a future right of enjoyment, and any danger of loss, injury or deterioration in the hands of one entitled to the present possession.

3. *Trusts; Constructive Trusts; Enforcement; Remedy.*—If an administrator takes possession of another's money as the property of his intestate and deposits it with the bank, and converts it as if it were estate funds, the administrator and the bank are trustees in in vitum, and equity will compel them to account; it being immaterial how or why they possessed themselves of the money unless they show a superior right thereto; and although there are legal remedies for the conversion, such remedies are concurrent with and not exclusive of the equitable remedy.

4. *Equity; Motion to Dismiss; Nature.*—A motion to dismiss for want of equity is not the equivalent of a demurrer nor an appropriate way to reach defects or deficiencies which may be cured by amendment, as the bill will be considered as amended in all amendable particulars on such a motion.

5. *Same; Admission by Motion.*—The truth of the alegations of the bill are admitted on motion to dismiss for want of equity.

6. *Same; Pleading; Alternate Averment.*—It is permissible to aver in a bill that either the one or the other of two alternative statements is true, especially which each of the statements entitles one to the same relief.

7. *Same.*—A bill quia timet which alleges that testator gave his property to his widow for life with remainder to complainant; that complainants were infants and only children of testator's only brother; that testator owed no debts and there was no administration on his estate; that by agreement between the widow and complainant's father she assumed control of the entire estate, lived upon its income, sold certain property and re-invested the proceeds, agreeing to preserve the corpus of the state, and to divise, bequeath or convey the same to complainant to take effect at her death, but whether she ever made such devise, bequest or conveyance complainants are unable to ascertain, shows that under either of the alternative averments the widow had only a life estate in testator's property, and complainants a remainder or reversion, and that the property went to them at the widow's death, regardless of whether she died testate or intestate, or whether she conveyed the property or not, as she agreed to do.

APPEAL from Pike Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by Roberts F. Peters and others, against S. F. Rhodes and others, to enforce a trust. From a decree dismissing the bill for want of equity, complainants appeal. Reversed and remanded.

J. J. MAYFIELD, for appellant. Courts of equity will follow trust property and keep it subject to the trust.— *Winston v. Miller,* 139 Ala. 259. The bill presented a case for removal.—*Bromberg v. Bates,* 98 Ala. 621. If trusts are to be executed equity will take jurisdiction.— *Gould v. Hayes,* 19 Ala. 438; *Pearson v. Darrington,* 18 Ala. 348. Equity has original jurisdiction.—*Thompson v. Thompson,* 107 Ala. 163. Equity will always interpose in granting relief where there is any danger of loss or deterioration of the remainder interest in prop-

erty.—*Bethea v. Bethea,* 116 Ala. 265. Motion to dismiss it not the equivalent of a demurrer.—*Blackburn v. Fitzgerald,* 130 Ala. 589; *Coleman v. Butte,* 130 Ala. 268. A motion to dismiss admits the statements of the bill to be true.—*Woodruff v. Adair,* 131 Ala. 520. One may aver that either one or the other of two alternative statements is true.— 38 Ala. 229; 7 Port. 144; *Strange v. Robinson,* 11 Ala. 144. It is only necessary that the same defense be applicable to each aspect or alternative and that the statements must not be repugnant or inconsistent.—*Adams v. Sayre,* 70 Ala. 318; *Fields v. Helms,* 70 Ala. 460; *Caldwell v. King,* 76 Ala. 149.

FOSTER, SAMFORD & CARROLL, for appellee. Before courts of chancery will enforce a contract to make a will or to leave property to another, the contract must be based on valuable consideration and must be such that under ordinary circumstances, specific performance could be decreed.—*Bolman v. Overall,* 80 Ala. 451; *Manning v. Pippin,* 86 Ala. 357; *Allen v. Bromberg,* 41 South. 771. On these authorities, the court properly dismissed the bill for want of equity.

HARALSON, J.—This an appeal from the chancery court decree dismissing complainant's bill for want of equity. The case made by the bill is as follows:

That there is a trust fund of $9,454.43 deposited in the defendant bank at Troy, by the respondent, S. F. Rhodes, as administrator of the estate of Mrs. Peters, when in truth and in fact it was the property of these complainants which had come to them by devise, bequest, inheritance, or descent from their uncle, Dr. F. M. Peters, husband of Mrs. S. S. Peters, administrator's intestate; that the property came to them through Mrs. Peters, who was the wife of their uncle, and as his widow took a life interest in the property, which at her death passed to the complainants.

[Peters, et al. v. Rhodes, et al.]

The bill asks that the chancery court assume juris-
diction and control of this trust fund, and administer
it in accordance with the principles of equity to these
complainants, who are in law and in equity entitled to
this trust fund, and to prevent its being wasted, scatter-
ed and distributed to the creditors, heirs or distributees
of Mrs. S. S. Peters, instead of to the equitable owners,
the heirs, devisees or legatees of her husband, Dr. F. M.
Peters.   The bill alleges, substantially in the alternative,
that Dr. F. M. Peters either left a last will and testa-
ment by which this property passed to his wife for her
natural life, or the property of which this is the pro-
ceeds, or if it did not pass by such will, that it passed
by inheritance or descent; the rights and remedies of the
complainants being the same in either case.   The bill
also alleges an agreement or contract between Mrs.
Peters and complainants' father, through whom they
inherit from Dr. F. M. Peters, that the widow or life
tenant should manage and control this property, and
substantially, that she should preserve the property, or
its proceeds, for the complainants after her death; that
she might sell and convey the specific property acquired
by her from her husband and reinvest the proceeds, and
that the property thus acquired, or its proceeds, should
pass to these complainants after her death.   The widow
and life tenant, Mrs. S. S. Peters, agreed that she would
will or convey the property or its proceeds thus acquired
by her from her deceased husband, to these complain-
ants.   At the time of filing this bill, the complainants
were not informed as to whether Mrs. Peters made a
last will or a conveyance in accordance with her agree-
ment.

The contention of complainants' counsel is that the
property, sought to be declared to be theirs, is a trust
fund, and that a court of equity has jurisriction to ad-

[Peters, et al. v. Rhodes, et al.]

minister such funds; that such a court will follow trust property and keep it subjuct to the trust of which it originally formed a part, even when it has been converted, provided the property can be identified either in its original or substituted form.—*Winston v. Miller,* 139 Ala. 260, 35 South. 853.

It is settled, that when trusts are to be executed, which the probate court cannot enforce, a court of chancery may take cognizance of the settlement of an executor's or administrator's administration, after it has been commenced in the probate court.—*Gould v. Hays,* 19 Ala. 438; *Pearson v. Darrington,* 18 Ala. 348.

"Where there is a future right of enjoyment of personal property, courts of equity will interpose and grant relief upon a bill quia timet, where there is any danger of loss or deterioration, or injury to it, in the hands of the party who is entitled to the present possession." 2 Story's Eq. § 845; *Bethea v. Bethea,* 116 Ala. 265, 22 South. 561.

The bill alleges that the administrator of Mrs. S. S. Peters, S. F. Rhodes, has taken possession of the property of complainants, as the property of the estate of Mrs. S. S. Peters, and deposited it with the defendant bank, and is administering or converting it as if it were the property of her estate, when in law and equity, as set up, it was the property of these complainants. If this is true, it makes the administrator and the bank trustees in invitum, and the jurisdiction of a court of equity in such case is adequate, to compel them as such trustees to account. As was said in *Thompson v. Thompson,* 107 Ala. 169, 18 South. 250: "The defendants may have taken possession of the personalty in denial of the right and title of the complainant; (and) unless they show that they have a superior right, or are not in fact co-tenants with him, the manner or intent with which

they possessed themselves of it are immaterial. It may be there are legal remedies for the conversion of the personalty which the complainant could have pursud but such remedies are only concurrent and not in exclusion of the remedy in equity."

The following well-understood principles are applicable to this case:

A motion to dismiss for want of equity is not the equivalent of a demurrer, nor is it the appropriate plea to reach defects or deficiencies which are curable by amendment, which is a matter of right at any time before final decree.—*Blackburn v. Fitzgerald,* 130 Ala. 589, 30 South. 568; *Coleman v. Butt,* 130 Ala. 268, 30 South. 364.

A motion to dismiss for want of equity admits all statements of the bill to be true.—*Woodruff v. Adair,* 131 Ala. 530, 32 South. 515; *Seals v. Robinson,* 75 Ala. 363.

"It is certainly permissible for complainant to aver in his bill that either one or the other of two alternative statements is true. Undoubtedly it is so when each of the statements entitles the party to the same relief." —*Rives v. Walthall's Ex'rs,* 38 Ala. 332; *Seals v. Robinson, supra.*

Under the allegations of the bill, the subject-matter of the suit is certainly trust property. It is alleged that the said F. M. Peters, the husband of Mrs. S. S. Peters, died in Florida, and left a last will and testament by which he devised and bequeathed his property to his wife, for and during her natural life, and the remainder, after her death, to complainants, share and share alike; that complainants were infants and the only children of his only brother, living at that time with their father; and that testator owed no debts at his death. There was no administration on the estate of said Peters in Florida

or elsewhere, as alleged. But it is averred, that by agreement between Mrs. S. S. Peters, who was the aunt of complainants, and Dr. Benjamin F. Peters, their father, Mrs. Peters assumed control of the entire estate, and lived upon its income and profits during her life, and by agreement with complainants' father, she sold the property in Florida and invested the proceeds in other property in the county of Pike, Ala., agreeing at the time that she would preserve the corpus of all the property, use the income and profits during her life, and devise, bequeath or convey the same to complainants, to take effect at her death, so as to carry out the intention and provisions of her husband's will, but whether she ever made such devise, bequest or conveyance, the complainants, for reasons stated, are unable to ascertain. Under either of these alternative averments, Mrs. Peters was entitled only to a life estate in the estate of complainants' uncle, and they to the remainder or reversion. Under either of these alternative averments, the property went to complainants at the death of Mrs. Peters, whether she died testate or intestate, or whether or not she made the will or conveyance which it is alleged she agreed to make.

If the averments of the bill are true, as the motion to dismiss for want of equity admitted, the complainants have rights in the premises and are entitled to relief in equity. If, as contended by counsel, the decree of the chancellor, dismissing the bill, is correct, then complainants as reversioners, are without remedy in a court of equity, to have this trust estate administered in their interest.

The mere fact that the complainants might have a remedy at law, does not deny them that remedy in equity: As was said in *Thompson v. Thompson, supra,* such remedies are only concurrent, and not in exclusion of the remedy in equity.

It follows that the decree dismissing the bill for want of equity is erroneous.

Reversed and remanded.

TYSON, C. J., and ANDERSON, DENSON, and McCLELLAN, JJ., concur.