**PATTON et al. v. DARDEN.**
**6 Div. 288.**

Supreme Court of Alabama.
June 1, 1933.

Rehearing Denied June 22, 1933.

L. C. Bell, of Tuscaloosa, for appellants.

H. A. & D. K. Jones, of Tuscaloosa, for appellee.

FOSTER, Justice.

In a suit in equity, appellee obtained a personal decree against his tenant and mortgagor for $376.17, for rent of farm land, unpaid for the year 1931. In the decree it was declared that complainant has a landlord's lien on all crops grown on the land during the year 1931. Respondent was allowed twenty days in which to pay the debt, in default of which it was ordered that the court should proceed to take testimony and determine the description and location of the crops, and declare and enforce complainant's rights as landlord, and retained jurisdiction to proceed to a full and complete enforcement of this decree against said crops, and for execution, etc.

Later a hearing was had, and certain corn discovered in possession of the tenant, respondent, which was condemned to satisfy the judgment. As a result of such inquiry, apparently, facts were discovered which caused the filing of this bill, which the pleader designates an original bill in the nature of a supplemental bill. It is from the decree overruling demurrer to it that the appeal is prosecuted.

That bill brought in appellants for the first time. It alleged that, at a time not mentioned, the tenant delivered to them some of the cotton which he produced in 1931, subject to complainant's lien as landlord and mortgagee, and subject also to the decree which had been rendered; that appellants have sold some or all of said cotton, and collected the money for it, on or about March 4 or 5, 1932 (soon after the filing of the first bill we have mentioned), thereby destroying complainant's lien, and converting it to their own use; but it does not allege that appellants received the cotton after that suit was brought.

The prayer was that they disclose by answer all the facts relating to the acquisition

of such cotton, and upon a hearing that a decree be entered against them subjecting the cotton, if in their possession, or for such relief as the court may find to be due them.

A supplemental bill is defined in Bowie v. Minter, 2 Ala. 406, 411, quoted by Mr. Sims in Chancery Practice, section 617, as follows: It is "applicable, when new parties, with new interests, arising from events since the institution of the suit, are to be brought before the Court. The latter being to all intents and purpose, the commencement of a new suit, which, nevertheless may, in its consequences, draw to itself the advantage of the proceedings on the former bill." To the extent that it serves to bring in matters occurring before final decree, our statute authorizing an amendment for that purpose has put it out of general use. North Birmingham Am. Bk. v. Realty Mortgage Co., 223 Ala. 30, 134 So. 796. But since an amendment cannot be made after final decree (Sims Chan. Prac. §§ 420, 421; Kirby v. Puckett, 199 Ala. 594, 75 So. 6; Steagall v. S.-S. S. & I. Co., 205 Ala. 100, 87 So. 787; Section 6558, Code), for that purpose a supplemental bill is then still useful (Sims Chan. Prac., § 614; Ark-Ala. Lbr. Co. v. Powell, 213 Ala. 591, 105 So. 588; Bartee v. Matthews, 212 Ala. 667, 103 So. 874).

There is no doubt but that complainant could have brought them into the case before final decree by an amendment, and that a lien on the cotton in their possession could have been enforced, or, if they sold the cotton during the pendency of the suit against them, the lien could have been decreed upon its proceeds in their hands. Bellinger v. Lehman, Durr & Co., 103 Ala. 385, 15 So. 600, North Birmingham Am. Bk. v. Realty Mortgage Co., supra.

We are not here concerned with a purchaser pendente lite. Had the appellants been charged with such a purchase, they would be bound by the result of the suit whether they were parties or not. McAllister v. Catchings, 210 Ala. 392, 98 So. 303; Malone v. Marriott, 64 Ala. 486; 38 Corpus Juris 4, et seq. Lis pendens seems to apply to personal property as well as real. Bolling v. Carter, 9 Ala. 921. Section 6877 et seq. only refer to real estate.

Since the bill does not allege a purchase, or other receipt of the possession of the property, pendente lite, we are not concerned with the details of that principle. Thompson v. Johnson, 201 Ala. 315, 78 So. 91; Moragne v. Moragne, 143 Ala. 459, 39 So. 161, 111 Am. St. Rep. 52, 5 Ann. Cas. 331.

The fact that appellants had possession of the cotton subject to the lien and mortgage delivered to them prior to the lis pendens does not make them bound by the result of that suit. As to them, therefore, that suit "established nothing, accomplished nothing." Hooper v. Payne, 94 Ala. 223, 226, 10 So. 431;

Rooney v. Michael & Lyons, 84 Ala. 585, 4 So. 421; 38 Corpus Juris 57.

And if prior possession was with a substantial interest in the property, his acts and conduct subsequent to the lis pendens does not bring him within its operation. Rooney v. Michael & Lyons, supra; Coles v. Allen, 64 Ala. 98; 38 Corpus Juris 57, 58. The bill does not allege that the delivery of the cotton to appellants was not by virtue of a purchase or other transaction by which they acquired a substantial interest before suit was begun. The presumptions are against complainant. Assuming that a supplemental bill is the proper proceeding against a purchaser pendente lite, it is not so against one who acquired his claim prior to the lis pendens, merely because he sold it pendente lite.

We think, therefore, that we must test the bill as strictly original, for though it may not be sufficient as one of the character which is declared by it to be, if it is good as an original bill, not in the nature of a supplemental bill, we see no reason for not treating such designation as surplusage. The character of a bill is determined by its substantive allegations and relief sought, and not by what the pleader designates it. Ex parte Smith, 34 Ala. 455; Sayre v. Elyton Land Co., 73 Ala. 85.

The bill seeks by averment and prayer to fasten the lien of a landlord of farm land, and, to the extent it seeks to do this upon cotton subject to such lien in possession of defendants when the bill is filed, it is good for that purpose if its averments are sufficient. Section 8935, Code.

Under some circumstances, and in some actions, a lien may be enforced upon the proceeds of the cotton in the hands of one who intermeddled and sold it and received the purchase price. Bellingrath v. Samuel, 219 Ala. 263, 122 So. 27; Bellinger v. Lehman, Durr & Co., supra.

If the respondent has the property in possession when the suit in equity to enforce the lien is filed, and thereafter sells the property, such sale has been held not to defeat the suit, but the court will in the same suit fasten the lien on its proceeds. Bellinger v. Lehman, Durr & Co., supra.

And it was long ago held in this state that one, who receives the price of property sold by him, having notice that another has a lien on such property, may be compelled in equity to account for such purchase price as being held in trust, or may be sued at law in the equitable action for money had and received. Price v. Pickett, 21 Ala. 741; Westmoreland v. Foster, 60 Ala. 448, 455; Ehrman v. Oats, 101 Ala. 604, 606, 14 So. 361; Peters v. Rhodes, 157 Ala. 25, 47 So. 183; Thompson

v. Thompson, 107 Ala. 169, 18 So. 247, 250. See, also, Clews v. Jamieson, 182 U. S. 461, 21 S. Ct. 845, 45 L. Ed. 1183.

The bill alleges that the tenant delivered to the other respondents the cotton on which he had a landlord's lien, and that some or all of such respondents still have said cotton or they have sold some or all of said cotton, and collected the money on or about March 4 or 5, 1932.

So that there is uncertainty in averment whether, at the time the bill now under consideration was filed, the cotton or some of it was still in possession of respondents. But since the right to equitable relief is not dependent upon the possession of the cotton by respondents at that time, but it extends also to the price received for it, if it had been sold by them, it is immaterial to the equity of the bill that it shall distinctly allege that the cotton is still in their possession, since the alternative averment is made that, if it is not in their possession, they have sold it and received the purchase price.

Objection is also made to the bill, because it does not allege that they had notice of complainant's lien. But neither does it allege that they paid value for it. When it is shown that value is paid by a purchaser, the burden is on one asserting a lien to allege notice by the purchaser of such lien. Bank of Luverne v. Birmingham F. Co., 143 Ala. 153, 39 So. 126; Pollak v. Millsap, 219 Ala. 273, 122 So. 16, 65 A. L. R. 110; Barton v. Barton, 75 Ala. 400; Marsh v. Elba Bk. Tr. Co., 207 Ala. 553, 93 So. 604; Johnson v. Harsh, 207 Ala. 524, 93 So. 451, and cases cited.

The bill merely alleges that the tenant delivered the cotton to appellants or some of them, and that they sold some or all of it, and received the proceeds. If they paid value, and claim as bona fide purchasers, they must so allege in the answer, whereupon complainant must then allege notice of his lien. In its present status the bill is not defective for the failure to allege notice.

While we do not think that the original bill and proceedings leading to a final decree as set out in the so-called supplemental bill are shown to have any place in it, or that such decree has any effect upon the rights of the appellants, and should be disregarded as surplusage, we do think that such last-named bill is proper as an independent original suit, and is not subject to the demurrer interposed as contended by counsel for appellant.

The decree of the circuit court overruling such demurrer is without reversible error, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.