## Mondal Estate

Before KLEIN, P. J., BOLGER, LEFEVER, SAYLOR, SHOYER and BURKE, JJ.

*Herbert W. Salus, Jr.* and *Melvin E. Soll*, Special Assistant Attorneys General, for Commonwealth.

*Albert B. Miller*, contra.

KLEIN, P. J., March 15, 1967.—Jennie Mondal, decedent, left 25 percent of the residue of her estate in trust and directed that trustees, in their absolute discretion, use the income and all or any part of the principal for the "benefit of all, any or either of" four named relatives who reside in Russia. She provided further:

"2. It is my direction and desire that the benefit to be derived by the said beneficiaries named in the preceding paragraph may be bestowed upon all, any or either of them by the said Trustees in their absolute discretion either in the form of sending any sum or sums of money, or provisions of clothing or articles, at such time and in such amounts as my Trustees, in their judgment, shall determine from time to time, or the bringing over of any of said beneficiaries or several of them, together with the members of their immediate family to this country or making possible for them to emigrate to any other country and assisting them or any of them in obtaining an education, or the acquisition of a trade or profession or assisting them in any other shape or form, and/or the maintaining or establishing such person or persons in this or any other country outside of Russia; my primary intention being that the income, as well as the principal

of said Trust Number Two shall be used and applied for the sole benefit and good of any or all of the afore-mentioned members of my family enumerated in the preceding paragraph hereof, at the sole discretion of the Trustees".

Upon the death of all of the enumerated beneficiaries, or upon the expiration of 10 years from her death, if they all survive this period, the trust terminates and any undistributed balance is given equally among the other individual beneficiaries designated in the will.

Herbert W. Salus, Jr. and Melvin E. Soll, Special Assistant Attorneys General, entered their appearances for the Commonwealth of Pennsylvania, claiming the balance of principal and income to be paid into the State treasury without escheat, pursuant to section 1314 of The Fiscal Code of April 9, 1929, P. L. 343, 72 PS §1314 or, in the alternative, pursuant to section 737 of the Fiduciaries Act of April 18, 1949, P. L. 512, as added, or section 2 of the Act of July 28, 1953, P. L. 674, that is due those persons whose present existence or whereabouts is unknown, or, if known, reside behind the "Iron Curtain".

The learned auditing judge concluded that testatrix had created a valid enforceable trust which was not subject to the provisions of the so-called Iron Curtain Act and awarded the trust res to trustees "for the purpose specified in the will" with the direction that trustees "shall file a report of their use of principal and income of said trust one year after the date this adjudication is confirmed absolutely, and a similar report annually thereafter".

The Attorney General has taken exception to this ruling and contends that the auditing judge should have awarded the funds "to the Trustees under the Act of 1953, in order that the funds may be held by the Trustees for the benefit of the heirs when it can

be shown that there is actual use, control and enjoyment for their direct advantage" free from the risk of demand for the funds by the Russian Government.

We approve of the manner in which the auditing judge has disposed of the question at issue.

The Act of 1953, supra, is protective in nature and not confiscatory: Wanson Estate, 419 Pa. 109 (1965). It was enacted to make certain that nonresident beneficiaries would actually receive the benefits of distributions made to them by fiduciaries. It was never intended to prevent persons from creating valid trusts benefiting nonresidents. It is but natural that persons residing in this country should have deep concern for the welfare of their relatives and friends entrapped in Communist-dominated Russia. There is nothing in our law to prevent them from setting up trusts in their lifetimes or, by their wills, to help support and maintain these friends and relatives while residing in Russia or to furnish funds to enable them to leave Russia, if emigration is permitted in the future, or for any other purpose which is not in contravention of law. Such trusts must be preserved by the courts.

The key to the present controversy is found in the definition of the word "Beneficiary" contained in the 1953 statute:

" 'Beneficiary' shall mean and include any legatee, devisee, distributee or other person who is *entitled* to share in the distribution of money or other property held by a fiduciary and who is not a resident of the United States, its territories or possessions". (Italics supplied).

Under this definition, in order to be a beneficiary, a person must be *entitled* to share in the distribution of the estate. Is there anyone who qualifies under this definition as a beneficiary of this trust? We think not.

The word "entitle" is defined in Bouvier's Law Dictionary as meaning "to give a right to". Black's Law Dictionary (4th ed.) states: "In its usual sense, to entitle is to give a right or title". Our research has failed to disclose any decisions in which this word has been defined by a Pennsylvania court except Commonwealth v. Moorhead, 7 Pa. C. C. 513, 517 (1890), in which the late Judge Endlich, who was one of the State's most respected and erudite jurists, said: " 'Entitled' is a strong word, and signifies a claim or right: Conoly v. Gayle, 54 Ala. 269".

The word "entitled", however, has been discussed by the courts in other jurisdictions on many occasions. In Norton v. State, 104 Wash. 248, 176 Pac. 347, 349 (1918), the court held that "entitled" meant the granting of a privilege or right to be exercised at the option of the party for whose benefit the word is used and upon which no limitation can be arbitrarily imposed. To "entitle" is to give a right to; to qualify for; to furnish with proper ground for seeking or claiming: Fitts v. Terminal Warehousing Corporation, 170 Tenn. 198, 93 S. W. 2d 1265 (1936). See also: People's Trust Co. v. Smith, 30 N. Y. S. 342, 344 (1894) ; Thompson v. Thompson, 107 Ala. 163, 18 So. 247 (1895) ; Smith v. Smith, 249 N. C. 669, 107 S. E. 2d 530, 536 (1959); Fredericks v. Gladden, 211 Or. 312, 315 P. 2d 1010, 1015 (1957).

In the present case, testatrix clearly stated that her primary intention with respect to this trust was that the income, as well as the principal, be used "for the sole benefit and good of any or all of the aforementioned (four) members of my family . . . at the sole discretion of the Trustees".

Trustees, however, are not restricted to sending "money, or provisions or clothing or articles" to the relatives behind the "Iron Curtain". They are authorized to do much more. They can use the trust funds for

the purpose of: "(1) The bringing over of any of said beneficiaries or several of them, *together with the members of their immediate family*, to this country; or (2) making possible for them to emigrate to any other country; and (3) assisting them or any of them in obtaining an education, or the acquisition of a trade or profession; or (4) assisting them in any other shape or form; and/or (5) the maintaining or establishing such person or persons in this or any other country outside of Russia". (Italics supplied).

In view of the broad discretion vested in trustees and the varied uses to which the trust res and income may be applied, the four relatives named in the will do not have a right, claim or title to any of the trust funds. They are not in a position to demand that any money or other article of personal property be sent to them while they reside in Russia. Trustees may, within their "sole discretion", use any or all of the trust funds for transportation costs in getting them out of Russia and for training, maintaining or establishing them after they have emigrated from Russia or assisting them in any other manner. Moreover, the bulk of the funds could be used for the benefit of persons not designated by name in the will, namely, "members of their immediate family". Moreover, trustees, in their discretion, could decide that under prevailing conditions, none of the funds should be used for the designated relatives or members of their immediate families, in which event, at the expiration of 10 years, the entire trust corpus and income would be payable to other legatees named in the will. Since the relatives are not in a position to compel trustees to use any or all of the trust funds for their benefit while residing in Russia, it seems crystal clear that the Russian government could not under any circumstances force payment of or lay claim to any of such funds in their behalf.

In our opinion, the Commonwealth of Pennsylvania is not entitled to the trust fund under the 1953 Act unless the fiduciary is in possession of money or other property which a nonresident beneficiary is entitled to receive, as a matter of right, upon establishing that he would "have the actual benefit, use, enjoyment or control" thereof. The provisions of the act giving custody of a fund to the Commonwealth come into play if a fiduciary is in possession of money or property which is presently distributable: (a) to next of kin under the Intestate Act; (b) to a legatee or devisee receiving an outright gift of money or other specified property; or (c) to a beneficiary to whom the income or principal of a trust estate is distributable as a matter of right without discretion in the fiduciary to withhold payment. The present case does not fit into any of these three categories, as the Russian relatives named in the will may never receive or be in a position to demand, legally, any of the benefits of the trust.

This does not mean that trustees in the present case may send money or property to the relatives in Russia if it appears clear that the distributees would not have "the actual benefit, use, enjoyment or control" thereof. What it does mean is that the primary right to make this determination is placed in the discretion of trustees, and not in the court. Trustees must exercise the same common skill, common prudence and common caution that is demanded of all trustees in the performance of their duties. The manner in which trustees exercise their discretion is subject to the control of the court in this case, as in every other similar case, to prevent trustees from abusing the discretion which has been vested in them by testatrix, or from administering the trust in a negligent manner.

In our opinion, the auditing judge has wisely pro-

vided for a continuation of the court supervision over the conduct of trustees by directing trustees to file annual reports with the court of their use of the principal and income of the trust.

Accordingly, the exceptions are dismissed, and the adjudication is confirmed absolutely.

## CONCURRING OPINION

BOLGER, J., March 15, 1967.—I concur. However, I must comment that, as repeatedly stated heretofore, the so-called "Iron Curtain" Act is in large part a codification of the basic obligation and responsibility of orphans' courts to make certain that all beneficiaries to whom awards are made receive the benefits thereof. Indeed, no fiduciary can be discharged without producing evidence that he has accomplished the distributions awarded. All that the act adds to this responsibility is to make the State treasury a depository and custodian of the funds or other property to which nonresident aliens are otherwise entitled when they will not receive the use, benefit, enjoyment and control thereof. The act, in my opinion, does not exclude awards to other custodians, such as the clerk of the court or trustees, as in the instant case. See Kulchinsky Estate, 37 D. & C. 2d 633 (O. C. Phila., 1966). Should the award of the present trust be made to the State treasury, the trust, for all practical purposes, might remain unadministered, certainly insofar as testatrix's purposes are concerned. No State official has the authority nor would he be willing to undertake to maintain contact with the beneficiaries or otherwise ascertain the basis for the exercise of any discretion in the distribution of the estate. The State Treasurer will accept only cash. He will not make periodic remittances or send packages. Continuance of trustees in office as officers of this court is indispensable to carrying out testatrix's purposes. They can do something which no State official can do, viz., as-

certain the circumstances of the beneficiaries, observe the changing conditions in Russia, and thus establish a basis upon which to exercise the discretion vested in them. This might lead to a distribution in the future in one or more of the circumstances indicated in the will. All of the foregoing indicates that the case does not involve the question of whether or not the Act of 1953 applies.

I cannot agree with the interpretation of the majority opinion construing the words "beneficiaries" and "entitled". It is a universal maxim of construction that ordinary words and phrases should not be taken out of context and that such terms must be given the broadest connotation consistent with the purpose to be subserved. They should not be restricted or circumscribed, but given their ordinary meaning: Commonwealth Trust Company General Mortgage Investment Fund Case, 357 Pa. 349 (1947). A beneficiary is one who receives something of value, whether it be an outright gift, in trust, discretionary or otherwise, or subject to condition, or limited to any particular type of property, real, personal or otherwise: Girard Trust Company of Philadelphia v. Newhall, 138 Pa. Superior Ct. 203 (1939). None of the authorities cited in the majority opinion can truly be said to rule otherwise.

To hold that the class of persons in this will are not "entitled" to the interest bestowed upon them confines the word "entitled" in a straitjacket. The opinion itself points out that they have a standing to come into this court and demand, under appropriate circumstances, a distribution. This discretionary trust, in spite of the broad powers of trustees, involves a *legal* discretion which, as has often been stated by this court, is reviewable by the court. This testatrix has emphasized that only these beneficiaries are to receive her property, *subject to their qualifying*—she states that the income as well as the principal of the trust "shall

be used and applied for the sole benefit and good of any or all of the aforementioned members of my family enumerated in the preceding paragraph hereof, at the sole discretion of the Trustees". Trustees are powerless to appropriate the funds or to apply them elsewhere. The class of persons named in the will are, therefore, "beneficiaries entitled". The question is merely: Entitled to what, and under what circumstances?

I concur in the balance of the opinion and in the result.