# Friend *v.* Powers.

*Creditors' Bill in Equity by Policy-holders against Stockholders of Dissolved Insurance Company.*

1. *Parties defendant to bill to enforce liability of stockholders of dissolved corporation.*—All of the stockholders of a dissolved insurance company are necessary parties defendant to a bill filed by some of the policy-holders, in behalf of themselves and other creditors, to enforce the individual liability of the stockholders, over and above their unpaid subscriptions for stock, under constitutional and statutory provisions formerly of force (Const. Ala. 1868, Art. XIII, §§ 2, 3; Code, 1867, § 1760); and if any of them are insolvent, or beyond the jurisdiction of the court, that fact should be alleged as an excuse for not making them parties to the bill.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. THOS. W. COLEMAN.

CLARKE, CLARKE & WEBB, for appellants.

GREGORY L. & H. T. SMITH, *contra.* (No briefs on file.)

WALKER, J.—The bill in this case was filed by two policy-holders of the Mobile Life Insurance Company, in behalf of themselves and such other creditors of said company as may make themselves parties to the cause, and contribute to the costs and expenses thereof. Several of the stockholders of said company were made parties defendant, and the object of the bill was to enforce that additional liability, over and above dues on stock subscriptions, which by section 3 of Art. XIII of the Constitution of 1868, and section 1760 of the Revised Code of 1867, was provided in favor of the creditors of insolvent and dissolved corporations.—*McDonnell v. Ala. Gold Life Ins. Co.*, 85 Ala. 401. Demurrers were interposed to the bill, on the ground that it fails to show that the parties

who are made defendants thereto as stockholders of said insurance company are the only stockholders of said company who are liable for the satisfaction of the demands set up by the bill. The appeal is from a decree overruling these demurrers.

In *Hatch v. Dana*, 101 U. S. 205, it was held that a creditor of a corporation, who has exhausted his remedy at law, can, in order to obtain satisfaction of his judgment, proceed in equity against a stockholder to enforce his liability for the amount remaining due upon his subscription, and in such case the other creditors of the company and the other s'ockholders thereof need not be made parties to the suit. In reference to the maintenance of such suit against one or more subscribers, without joining the others, it was said in the opinion: "At law, certainly, the subscription may be enforced against him without joinder of other subscribers; and in equity his liability does not cease to be several. A creditor's bill merely subrogates the creditor to the place of the debtor, and garnishes the debt due to the indebted corporation. It does not change the character of the debt attached or garnished. It may be that, if the object of the bill is to wind up the affairs of this corporation, all the shareholders, at least so far as they can be ascertained, should be made parties, that complete justice may be done by equalizing the burdens, and in order to prevent a multiplicity of suits. But this is no such case." Other decisions might be cited to show that, in a suit brought simply to obtain payment of a debt against a corporation, out of the unpaid stock liability of some of its shareholders, the complainant is under no obligation to bring in all the shareholders as defendants.—Wait on Insolvent Corporations, § 78; 1 Morawetz on Private Corporations, § 315; Cook on Stock and Stockholders, § 206, cases cited in note 3.

But a different rule must prevail in the enforcement of the statutory liability above referred to. In *Smith v. Huckabee*, 53 Ala. 191, this court held, that that liability could not be asserted in an action at law, or in behalf of one creditor only; that it should be enforced by proceedings in chancery, where all the creditors may come in, and all rights and equities can be fully adjusted. It was there suggested that, in the enforcement of such a liability, the principle that equality is equity should be applied. The suit is properly brought in behalf of all the creditors, and the object of the bill is really to wind up the affairs of the corporation, for the existence of the statutory liability against the stockholders presupposes the practical dissolution of the corporation (*Cent. Ag. & M. Asso. v. Ala. Gold Life Ins. Co.*, 70 Ala. 120); and the course of the suit is the ascertainment of the claims of creditors, and the satis-

faction thereof by the enforcement of contributions from the stockholders. It is that character of proceeding, in which, as suggested in *Hatch v. Dana*, *supra*, all the shareholders should be made parties. In the case which immediately follows *Hatch v. Dana* in the report, a statute quite similar to the Alabama statute above referred to, except that the liability extended to twice the amount of shares held, was construed to mean that each shareholder shall pay such sum, not exceeding twice the amount of his shares, as shall be his just proportion of any fund that may be required to discharge the outstanding obligations.— *Terry v. Little*, 101 U. S. 216. It was there held, that the provision was, in legal effect, for a proportionate liability by all stockholders; that this liability could not be enforced by action at law, and that the appropriate remedy was by a suit in equity by or for all creditors, to enforce contribution from the shareholders. The liability, under the Alabama statute above referred to, was provided as an additional security to creditors. It was imposed upon all the shareholders alike. It was not intended that the statute should operate with unnecessary hardship upon any of them. A construction involving such a result is not to be favored. By bringing in all the stockholders, and requiring proportional contributions, not beyond the amounts of the several holdings of stock, the purpose of the statute is fully accomplished, without making it bear with undue severity upon any one. The proceeding for the enforcement of the liability is required to be one adapted to the protection of all the creditors. It should also be framed with a due regard to the relations of the stockholders to the corporation, and to each other, so that the burden of the liability may be equitably adjusted among such stockholders as may be within reach of process, and from whom contribution may be enforced. The principle that equality is equity should be as applicable to protect particular stockholders from being singled out and compelled to pay more than their just proportions of the corporate debts, as it is to preclude some of the creditors from appropriating to themselves a fund intended for the security of all persons to whom the corporation is indebted. As said in *Pfohl v. Simpson*, 74 N. Y. 143, "a suit in equity laying hold of all the stockholders in like category, and promoted for the benefit of all creditors having like interest, is peculiarly adapted to work out exactly just and equable results." We are of the opinion that this character of proceeding is requisite for the proper enforcement of the statute as construed in *Smith v. Huckabee*, *supra*. The objection on account of the non-joinder of other stockholders was available to the defendants, and their de-

murrers on that ground should have been sustained.—*Erickson v. Nesmith*, 46 N. H. 371; *Hadley v. Russell*, 40 *Ib.* 109; *Umstead v. Buskirk*, 17 Ohio St. 113; Cook on Stock and Stockholders, § 206, n. 3. It may be that some of the stockholders are insolvent, or beyond the jurisdiction of the court. In such cases, the bill should contain appropriate averments as to the excuses for not making them parties.

Reversed and remanded.