(80 South. 853)

ADAMS et al. v. PERRYMAN & CO.
(4 Div. 774.)

(Supreme Court of Alabama. Jan. 16, 1919. Rehearing Denied Feb. 6, 1919.)

1. CORPORATIONS ⊙�longdash⟩544(2) — CORPORATE ASSETS—TRUST FUND—RIGHTS OF CREDITORS—STOCKHOLDERS.

Capital stock and other property of corporation are deemed trust fund for payment of debts, so that creditors have lien or right of priority of payment out of it in preference to any right of stockholders, and this whether corporation is solvent or insolvent, independent of Code 1907, § 3509.

2. CORPORATIONS ⊙�longdash⟩246 — LIABILITY OF STOCKHOLDERS—DEBTS.

Where stockholders of a corporation divide up assets without paying debts, creditors may obtain a joint or several personal judgment against the stockholders up to value or proceeds of corporate property each has received.

3. CORPORATIONS ⊙�longdash⟩279 — LIABILITY OF STOCKHOLDERS — PERSONAL JUDGMENTS — CONTRIBUTION.

Where stockholders of corporation have divided assets of corporation without paying debts, a stockholder who has been compelled to pay more than his share of debts may compel contribution pro rata by other stockholders.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Suit by Perryman & Co. against J. F. Adams and others. Decree for plaintiff, and defendants appeal. Affirmed.

W. O. Mulkey, of Geneva, and E. C. Boswell, of Hartford, for appellants.

C. D. Carmichael, of Geneva, for appellee.

SOMERVILLE, J. The bill of complaint is filed by Perryman & Co., a judgment creditor of the Farmers' Union G. & M. Company, a domestic corporation, against individual stockholders thereof, to compel them to account for the assets of said company which they divided in toto among themselves when it ceased to do business, without making provision for the payment of complainant's preexisting debt, and to hold them liable therefor to the extent of complainant's judgment against the company.

The evidence establishes the facts alleged, and the only real questions presented by the appeal are: (1) Whether the bill contains equity; and (2) whether the trial court correctly rendered a personal judgment against respondents for the amount of complainant's claim.

[1] Following the principle first declared by Judge Story in the case of Wood v. Dummer, 3 Mason, 308, Fed. Cas. No. 17,944:

"It is a favorite doctrine of the American courts that the capital stock and other property of a corporation are to be deemed a trust fund for the payment of the debts of the corporation, so that the creditors have a lien upon, or right of priority of payment out of it, in preference to any of the stockholders of the corporation." 10 Cyc. 653, B; Smith v. Huckabee, 53 Ala. 191, 195; Bank, etc., v. St. John, 25 Ala. 566, 612; O'Bear Jewelry Co. v. Volfer, 106 Ala. 205, 223, 17 South. 525, 28 L. R. A. 707, 54 Am. St. Rep. 31.

This principle of the preference of creditors over stockholders is of course applicable to all corporations, whether solvent or insolvent, and is wholly independent of the general "trust fund" theory, now established by statute (Code, § 3509), with respect to insolvent corporations. O'Bear's Case, 106 Ala. 205, 223, 17 South. 525, 28 L. R. A. 707, 54 Am. St. Rep. 31.

[2] The reason for it is well stated in Sanger v. Upton, 91 U. S. 56, 23 L. Ed. 220:

"The capital stock of an incorporated company is a fund set apart for the payment of its debts. It is a substitute for the personal liability which subsists in private copartnerships. When debts are incurred, a contract arises with the creditors that it shall not be withdrawn or applied otherwise than upon their demands, until such demands are satisfied. The creditors have a lien upon it in equity. If diverted they may follow it as far as it can be traced, and subject it to the payment of their claims, except as against holders who have taken it bona fide for a valuable consideration and without notice."

"In the absence of special statutory provisions this trust fund can in general be reached only by appropriate proceedings in equity." Spear v. Grant, 16 Mass. 9; 10 Cyc. 655, 4.

"Accordingly, when the property has been divided among the shareholders, a judgment creditor, after the return of an execution against the corporation unsatisfied [as was done in the instant case], may maintain a creditor's bill against a single shareholder, or against as many shareholders as he can find within the jurisdiction, to charge him or them to the extent of the assets thus diverted; and it is immaterial whether he got them by fair agreement with his associates or by an act wrongful as against them." 10 Cyc. 655 (II).

In Bank, etc., v. St. John, 25 Ala. 566, 612, it is said that in cases like this—

"the stockholders, directors, and agents of the bank [corporation] are trustees for their [creditors'] benefit, and as such may be made to discover and account in chancery."

Strictly speaking, the liability of each stockholder would be limited to the value or the proceeds of the corporate property which he has received, and, as between the several shareholders, contribution should be made pro rata for the satisfaction of the corporate debt.

The trial court here finds that the respondents Adams, White, Burch, Herring, and Thomas have sold the corporate realty and received therefor $1,500, and that the respondents Holman and Boswell have received $700 on the corporate choses in action allotted to them. The stockholders in each of these groups are therefore properly chargeable with the full amount respectively received by them, so far as the complainant is concerned, and there was no substantial error in rendering a joint and several decree against all of them.

[3] If they cannot agree among themselves as to the pro rata satisfaction of the decree, any one or more of them may compel contribution pro rata in the usual way.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.