(131 So. 559)

KELLY v. ANDALUSIA BRICK CO. et al.

4 Div. 501.

Supreme Court of Alabama.

Dec. 18, 1930.

J. L. Murphy, of Andalusia, for appellant.

A. R. Powell, of Andalusia, for appellees.

## FOSTER, J.

■■ The right of creditors of a corporation to subject in equity its assets to its debts, after dissolution, in preference to the claims of stockholders, is now not questioned. The principle is stated in various forms of expression, but lead to the same result. If property of the dissolved corporation has come into possession of stockholders with corporate debts remaining unpaid, they become quasi trustees of such property, and subject to the equitable right of such creditors to subject it to their debts. This right exists so long as the property may be traced into possession of one who is not a bona fide purchaser. Adams v. Perryman, 202 Ala. 469, 80 So. 853; 2 Perry on Trusts (7th Ed.) § 242; 3 Story's Equity (14th Ed.) § 1660; 14 C. J. 970; 39 Cyc. 556; O'Bear Jewelry Co. v. Volfer, 106 Ala. 205, 17 So. 525, 28 L. R. A. 707, 54 Am. St. Rep. 31.

■ But the claim of creditors of the corporation is the right to subject the property to their debts, and for that purpose the stockholders hold it as though they were trustees— called quasi trustees. This fact, alone, does not indicate that by reason of such equitable trust, the quasi trustee is owing a personal obligation so long as he has the property intact, in his possession, subject at all times to be applied to the demand of the creditors. Under such circumstances the right of the creditors is to have the property applied by the court of equity to the payment of the debt.

■■ In the case of Adams v. Perryman, supra, a personal liability was decreed against the stockholders, but the facts were that the stockholders had disposed of the real property and received payment for it and had collected money on its choses in action. We do not doubt that if the stockholders so dispose of the property received under those circumstances as to cause the creditor to lose to any extent the right to which we have referred, they would be personally liable to the extent of the loss. There is a well-known rule that if property affected with a lien comes into possession of another with notice, there is no personal liability to the lienor as for a tort until he shall cause him to lose to some extent the lien then existing; nor is there a liability in assumpsit until the property is sold and value received for it. Albertville Trading Co.

v. Critcher, 216 Ala. 252, 112 So. 907; Windham v. Stephenson, 156 Ala. 341, 47 So. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102; Southern Ry. Co. v. Attalla, 147 Ala. 653, 41 So. 664; Ehrman v. Oats, 101 Ala. 604, 14 So. 361.

■ For the reasons which lead to this result, as expressed in Hussey v. Peebles, 53 Ala. 432, we think that the personal liability of a stockholder receiving assets of a dissolved corporation impressed with the prior right of a creditor of the corporation should be governed by like principles.

■■ The bill alleges facts which justify relief only to the extent of impressing a quasi trust upon real estate of the corporation. It does not allege that appellant has disposed of it in such manner as to affect such right. The evidence shows that the corporation had incumbered it by giving a mortgage to the First National Bank of Opp before conveying it to appellant; that appellant refinanced the loan, using the money obtained thereby in paying the outstanding mortgage, except the amount of the premium on a life insurance policy issued to appellant and his wife by the insurance company which made the loan.

Appellee also contends that the evidence shows that appellant individually borrowed from the same bank a further sum, and, after the dissolution of the corporation, gave second mortgage on the hotel property to that bank to secure it. The evidence of the bank president is to the effect that the loan was really to the corporation secured by the mortgage it had given, and the notes were made by appellant because the debt limit of the corporation to it had been reached.

But if we assume as true the contention as made by appellee, the bank in taking the second mortgage was not an innocent purchaser, because the transaction with the insurance company, the transfer to appellant of the assets of the corporation, were all advised by the bank president as a predicate to obtain the insurance loan, and the president as such had notice of the facts. So that, even if the second mortgage did not secure a debt of the corporation, a fact not necessary to decide, it did not on that account create a right superior to those of appellee, nor did it have the effect to lessen them in any respect. It did not therefore amount to such a destruction or lessening of the equitable claim of appellee as to create a personal liability on appellant.

■ This leads to the conclusion to which we have arrived, that to the extent that the proceeds of the loan from the insurance company were not applied to a lien on the property created by the corporation before it conveyed the property to appellant, he would be due to account therefor personally, and the court should so decree if there were sufficient

allegations in the bill to justify that relief. But allegation is as necessary as proof. The prayer may be sufficiently broad but the allegations are not.

Counsel discuss a supposed liability for the value of personal property of the corporation to the extent of its equity in that also. But the bill contains no allegations sufficient to justify relief in that respect.

From the foregoing discussion we find ourselves at the conclusion that there is error in the decree to the extent that it fixed a personal liability on appellant.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.