168 So. 436

**LOWRY et al. v. WILLIAMS, Superintendent of Banks, et al.**

6 Div. 939.

Supreme Court of Alabama.

May 21, 1936.

P. A. Nash, of Oneonta, for appellants.

J. T. Johnson, of Oneonta, for appellees.

KNIGHT, Justice.

This appeal is prosecuted from an interlocutory decree of the circuit court of Blount county, sustaining demurrer of the cross-respondent, J. H. Williams, as superintendent of banks, liquidating the Blount County Bank and the Blount County State Bank (insolvent state banking institutions), to the cross-bill filed by appellants.

It appears that the Blount County Bank was adjudged insolvent in February, 1930, and was placed in the hands of the superintendent of banks for the state of Alabama, for liquidation; and that the Blount County State Bank was organized in March, 1930 *"with the idea of taking over the assets of Blount County Bank in liquidation."* This last-named bank, after operating for about eight months, also failed on or about November 27, 1930, and likewise was placed in the hands of the state superintendent of banks for liquidation.

The Blount County State Bank, while in process of being organized, submitted to Hon. D. F. Green, then superintendent of banks, a proposition in writing to take over the assets of the insolvent Blount County Bank, upon the completion of the organization of the Blount County State Bank. This proposal is brought forward in the cross-bill, and appears in the report of this case.

The state superintendent of banks reported this offer to the circuit court of Blount county, which had assumed jurisdiction of the settlement of the affairs of the Blount County Bank, and petitioned the court to be allowed to accept this proposition of the Blount County State Bank. By a decree of the circuit court of Blount county, made and entered on March 22, 1930, the court granted the petition of the state superintendent of banks, and "ratified and approved the sale of the assets of said Blount County Bank to the Blount County State Bank, in accordance with the written proposal of the last named bank."

It further appears that the Blount County State Bank never paid the debts of the Blount County Bank, as it had obligated itself to do, and the same still remain unpaid, and are valid and subsisting claims against the assets of said debtor bank.

It further appears that cross-complainant, J. H. Lowry, and John S. Fendley, deceased, in whose supposed right the

cross-complainant, J. S. Fendley, Jr., files the cross-bill, were stockholders in the defunct Blount County Bank.

It is averred in substance, if not in terms, in the cross-bill that certain of the assets of the Blount County Bank were to be set aside to the stockholders of the Blount County Bank to become their individual property freed of any claims or demands of the creditors of Blount County Bank, and of any claims of the Blount County State Bank, and that the last-named bank, while it took possession of all the assets of the Blount County Bank, held certain of said assets, amounting to approximately $35,700, in trust for the stockholders of said last-named bank.

All the foregoing facts appear in the cross-bill in this cause.

The complainant, as state superintendent of banks, liquidating both of said banks, seeks by his bill a decree of the court directing and authorizing him to sell the lands which belonged to the Blount County Bank for the purpose of paying the debts of said bank, which the Blount County State Bank had assumed to pay, but which it had failed to do, and for other relief.

The cross-complainants seek by their cross-bill to have the court decree "that the said $35,700.00 of the assets which originally belonged to the Blount County Bank and which were not transferred to the said Blount County State Bank, be declared the property of the stockholders of the said Blount County Bank and that the court will ascertain the said assets that are now held by the complainant and that an order be made directing the complainant to so set aside the assets belonging to said stockholders as their interest may appear *for the purpose of liquidating and distributing said assets among said stockholders as their interest may appear,*" and for general relief.

The court sustained demurrers of the cross-respondent J. H. Williams, as superintendent of banks, to the cross-bill.

It requires but little argument to demonstrate the correctness of the court's decree.

As heretofore noted, the cross-bill by the stockholders of the insolvent Blount County Bank shows that the debts of that institution have not been paid, but are still subsisting.

In 14 Corpus Juris, § 1476, pages 950, 951, the trust fund doctrine is stated by the author as follows: "In many American decisions it is stated as a broad general rule that the capital stock of a corporation constitutes a trust fund for the benefit of its creditors, or for the payment of its debts; that when debts are incurred a contract arises with the creditors that it shall not be withdrawn or applied otherwise than upon their demands until such demands are satisfied, and they have a lien upon it in equity; and if diverted they may follow it so far as it can be traced and subject it to the payment of their claims, except as against holders who have taken it bona fide for a valuable consideration without notice."

In 10 Cyc. 653, B, it is observed: "It is a favorite doctrine of the American courts that the capital stock and other property of a corporation are to be deemed a trust fund for the payment of the debts of the corporation, so that the creditors have a lien upon, or a right of priority of payment out of it, in preference to any of the stockholders of the corporation." See, also, Wood v. Dummer, Fed.Cas. No. 17,944, 3 Mason, 308.

This principle has received the direct and full approval of this court. Adams et al. v. Perryman & Co., 202 Ala. 469, 80 So. 835; Perrine Sawmill Co. et al. v. Powell et al., 207 Ala. 447, 93 So. 33; Perrine Sawmill Co. et al. v. Powell et al., 211 Ala. 620, 101 So. 389; Smith v. Huckabee, 53 Ala. 191, 195; Bank of St. Marys v. St. John, 25 Ala. 566, 612; O'Bear Jewelry Co. v. Volfer, 106 Ala. 205, 223, 17 So. 525, 28 L.R.A. 707, 54 Am.St.Rep. 31.

This right of preference on the part of creditors over stockholders is applicable to all corporations, whether solvent or insolvent, and is wholly independent of the general trust fund theory established by our statute, section 7062. Adams et al. v. Perryman, supra; Perrine Sawmill Co. et al. v. Powell et al, 207 Ala. 447, 93 So. 33; O'Bear Jewelry Co. v. Volfer, supra.

In the case of Sanger v. Upton, 91 U.S. 56, 60, 23 L.Ed. 220, it was held: "The capital stock of an incorporated company is a fund set apart for the payment of its debts. It is a substitute for the personal liability which subsists in private copartnerships. When debts are incurred a contract arises with the creditors that it shall not be withdrawn or applied, otherwise

than upon their demands, *until such demands are satisfied.* The creditors have a lien upon it in equity. *If diverted, they may follow it as far as it can be traced, and subject it to the payment of their claims, except as against holders who have taken it bona fide for a valuable consideration and without notice.*" (Italics supplied.)

By section 7062, Code, it is provided: "The assets of insolvent corporations constitute a trust fund for the payment of the creditors of such corporations, which may be marshalled and administered in courts having equity jurisdiction in this state."

There is nothing in the proposal of the Blount County State Bank, or in the decree of the court authorizing the superintendent of banks to accept the same, which even hinted at the turning over of any part of the assets of the insolvent Blount County Bank to its stockholders, until after all the creditors of the Blount County Bank had been paid in full. And it was certainly not within the power of the Blount County State Bank to turn over any of the assets of the Blount County Bank to the stockholders of said bank, and thereby to defeat the demands, in whole or in part, of the creditors of said last-named bank. To have done so would have been a fraud upon the creditors of the Blount County Bank.

At the time of the insolvency of the said Blount County Bank, all the assets of said bank constituted a trust fund for the payment of its creditors, and no part of said assets could be turned over to, or appropriated by, its stockholders until the creditors were paid in full, which has not been done.

In view of the facts admitted in the cross-bill, the cross-complainants, stockholders of the Blount County Bank, show no right to the relief prayed for, or to any relief in fact. The demurrer of the cross-respondent to the cross-bill was, therefore, properly sustained. The decree of the circuit court will accordingly be affirmed. Cross-complainants will be allowed 10 days within which to amend their cross-bill, if they are so advised.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.