89 So.2d 174

## A. Page SLOSS

v.

## STATE of Alabama.

6 Div. 28.

Supreme Court of Alabama.

Aug. 2, 1956.

Pritchard, McCall & Jones and Victor H. Smith, Birmingham, for appellant.

John Patterson, Atty. Gen., and Willard W. Livingston and H. Grady Tiller, Asst. Attys. Gen., for appellee.

PER CURIAM.

The question on this appeal is whether appellant, who will be referred to as the taxpayer, is entitled to a deduction from his taxable income for 1951 for State income tax purposes, of an item designated on his return as "Federal Income Taxes on Gimon Estates—a dissolved corporation, $17,450.49", and an item of $3819.10 designated as "Interest Paid—Collector

of Internal Revenue" (computed on said item of $17,450.49).

The factual situation is disclosed by the "Stipulation of Facts" contained in the transcript, as follows:

"1. Appellant is an individual, residing in the City of Birmingham, Jefferson County, Alabama.

"2. The State of Alabama, appellee, by and through the State Department of Revenue, J. A. Stephens, Assistant Commissioner of Revenue, has heretofore on October 9, 1953 made a tentative assessment of income tax for the calendar year 1951 in favor of the State of Alabama against appellant of which the appellant had due notice and to which assessment written protest was duly filed by appellant. Appellant filed his return with said Department of Revenue of Alabama on a cash receipts and disbursement basis in 1951 and prior years.

"3. Thereafter on November 30, 1953 said assessment of income tax against appellant was made final for the said calendar year *1951* as follows:

| | |
|---|---|
| Income tax | $3,141.10 |
| Interest on said tax from the date the same became due to the date of the assessment | 101.00 |
| Additional interest from 10-9-53 to date | 9.13 |
| Total amount assessed | 3,251.23 |
| Tax previously paid | 2,066.60 |
| Balance of tax and interest due as of this date | 1,184.63. |

"4. Thereafter and on December 28, 1953 appellant filed notice of appeal from said final assessment with the Secretary of the Department of Revenue and with the register of this court. Appellant also executed and filed in this court a supersedeas bond, all as provided by law, and more particularly the provisions of Title 51, Section 140, Code of Alabama 1940.

"5. During the month of December, 1951, appellant, as transferee of the assets of the Gimon Estates, Inc., a dissolved corporation, paid to the Collector of Internal Revenue, Birmingham, Alabama, the sum of $17,450.49, federal income taxes, and $3,839.10 as interest on said tax. These payments were made as a result of the determination by John B. Dunlap, as Commissioner of Internal Revenue, dated November 30, 1951 wherein appellant was advised that the determination of income tax liability of Gimon Estates, Inc., Birmingham, Alabama for the taxable period January 1, 1948 to January 10, 1948 disclosed a deficiency in federal income tax of $41,548.77. Gimon Estates, Inc., an Alabama corporation, was finally dissolved on January 10, 1948, and its net assets after liabilities, were distributed as liquidating dividends to each of the stockholders of said corporation in the proportion that the number of the shares of stock owned by each share-holder bore to the whole number of shares of stock issued by said corporation and outstanding at that time.

"6. The sum of $17,450.49 was determined to be his prorata amount of the federal income tax, which was assessed by the Federal Government against the said dissolved corporation, and an assessment in this amount was made against appellant under section 311 of Internal Revenue Code of 1939 (Title 26 United States Code), 'as transferee of assets of Gimon Estates, Incorporated, Birmingham, Alabama,' the Gimon Estates, Inc., having been dissolved and all its assets transferred to its stockholders. This amount, together with statutory interest in the amount of $3,839.10 was paid by appellant to the Collector of Internal Revenue at Birmingham, Alabama, in December, 1951, and receipt was issued by the said collector to appellant acknowledging payment of said federal income tax and interest by appellant, as transferee aforesaid. Said federal income taxes were not paid on net income earned by appellant during the calendar year 1951, but were paid as the result of the assessment in December, 1951, as aforesaid, made against appellant, as transferee of the assets of Gimon Estates, Inc. These amounts were claimed by appellant as deductions from his income in his 1951 report to the Department of

Revenue of the State of Alabama, but said department declined to allow said claimed deductions and disallowed the same. Appellant's liquidating dividends greatly exceeded said federal taxes and interest.

"7. In the event it is determined that the said federal income tax and interest as paid in December, 1951 were *deductible* in computing appellant's 1951 income taxes due under the Alabama Income Tax Law to the State of Alabama there would be no deficiency in tax or interest owing by appellant to the State of Alabama for the calendar year 1951, and the final assessment appealed from should be set aside in full. In the event such taxes and interest are held not so *deductible,* the final assessment of income tax appealed from should be confirmed and judgment should be entered against appellant in favor of the State of Alabama in the amount of $1,184.63, together with interest on $1,064.50 at the rate of 6% per annum from November 30, 1953 to the date of payment. If the court should rule otherwise than as aforesaid, the parties agree to furnish to the court a computation of any tax which may be due under the court's ruling, by stipulation."

It is insisted by appellant that he was entitled to the deduction under section 385, as amended, Title 51, Code of Alabama (see, Pocket Part Code, section 385(4), which allows a deduction from income of a taxpayer "the amount of federal income tax paid * * * within the taxable year," imposed by authority of the United States. Appellant claims that as transferee of assets of the dissolved corporation if Gimon Estates, Inc., which assets were subject to the lien of the United States for a deficiency income tax for a period in 1948, he became personally liable for at least his pro rata part of the income tax deficiency of Gimon Estates, Inc., by virtue of section 311(a)(1), Title 26 U.S.C.A. of 1939 as amended. His pro rata share of said tax was assessed to him by the commissioner of internal revenue in the amount of the two items referred to above, and he paid the same in 1951. That all of this was a federal tax imposed by authority of the United States, and was therefore deductible. Section 311 (a) (1), supra, is as follows:

"(a) Method of collection. The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

"(1) Transferees. The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter".

The State contends that the assessment to appellant was not as a taxpayer, but a summary procedure to collect a tax chargeable as such to Gimon Estates, Inc.; and that although he became subject to the lien of the United States in the amount of the tax, it was not his duty to pay it as a taxpayer but he became liable to account by having become transferee of property which was subject to a lien held by the United States as security for a debt primarily owing by another.

The trial court approved the view advanced by the State Department of Revenue in this respect, accepted the reassessment made by the state department without a deduction of those items, and rendered judgment affirming it. The taxpayer has appealed, contending that the amount he paid with interest is for a tax imposed on him by authority of the United States. We do not find where this Court has defined the term as there used.

We think the claimed deduction is only allowable when the amount paid is for taxes imposed on the person paying it, who is the taxpayer on whom the tax as such is primarily laid by the United States. Section 311(a) (1), Title 26, supra, does not lay a tax on this taxpayer on account of any event which justifies a tax levy against him. It recognizes a liability for the amount of a tax laid on another in respect to an event for which the other is subject to the tax, to wit, the receipt of income. This taxpayer is not thereby subject *to pay the amount as a tax laid on him* but to account as the transferee of property which is subject to a lien held by the United States, and which is chargeable as a tax against another. The procedure under section 311, supra, has been held to be one for the speedy collection of the primary debt. Nunan v. Green, 8 Cir., 146 F.2d 352; Harrison v. Commissioner of Internal Revenue, 5 Cir., 173 F.2d 736; United States v. Kensington Shipyard and Drydock Corp., 3 Cir., 187 F.2d 709, 27 A.L.R.2d 708; Phillips-Jones Corp. v. Parmley, 302 U.S. 233, 58 S.Ct. 197, 82 L.Ed 221; Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed 1289; 47 C.J.S., Internal Revenue, § 771, p. 1009, note 11 contains many citations, also page 1010, note 22, and § 779, page 1043, notes 24 and 25.

In Phillips-Jones Corp. v. Parmley (both appeals), supra, the United States Supreme Court held that when corporate assets are distributed to stockholders upon dissolution of the corporation which was indebted to the United States on a deficiency assessment against the corporation, the stockholders may be compelled in equity to discharge such deficiency irrespective of section 311 (a) (1), Title 26 (1939), supra (section 280 [a] [1], 44 Stat. 61), but that said statute merely provides summary proceedings for the collection. It was said on the second appeal of that case: "The liability of the stockholders for the taxes was not created by section 280 [311]. It does not originate in an assessment made thereunder. Long before the enactment [section 311, supra] it had been settled under the trust fund doctrine [citing cases] that if the assets of a corporation are distributed among the stockholders before all its debts are paid, each stockholder is liable severally to creditors, to the extent of the amount received by him". [302 U.S. 233, 58 S.Ct. 198.]

It was said on the first appeal of Phillips v. Commissioner of Internal Revenue, supra [283 U.S. 589, 51 S.Ct. 609]: "Stockholders who have received the assets of a dissolved corporation may confessedly be compelled, in an appropriate proceeding, to discharge unpaid corporate taxes. * * * Before the enactment of section 280(a) (1) [311 [a] [1], supra], such payment by the stockholders could be enforced only by bill in equity or action at law. Section 280(a) (1) provides that the liability of the transferee for such taxes may be enforced in the same manner as that of any delinquent taxpayer. * * * Section 280(a) (1) provides the United States with a new remedy for enforcing the existing 'liability, at law or in equity.' The quoted words are employed in the statute to describe the kind of liability to which the new remedy is to be applied and to define the extent of such liability."

Those United States Supreme Court cases do not discuss the extent and nature of such liability so long as the property which is subject to the prior right of creditors or lienors is still in the possession of the transferee. That is to say, whether under those circumstances there is a personal liability. A discussion of that theory is found in Harrison v. Commissioner of Internal Revenue, supra.

In Adams v. Perryman & Co., 202 Ala. 469, 80 So. 853, 854, this Court quoted from Sanger v. Upton, 91 U.S. 56, 23 L.Ed. 220: " 'When debts are incurred [by a corporation] a contract arises with the creditors that it [capital of corporations] shall not be withdrawn or applied otherwise than upon their demands, until such demands are satisfied. The creditors have a lien upon it

in equity. If diverted they may follow it as far as it can be traced, and subject it to the payment of their claims, except as against holders who have taken it bona fide for a valuable consideration and without notice' ". And the Court further held that the stockholders so receiving capital assets which had been disposed of, are held personally liable in equity to the extent of the value of those assets received by them. The case of Adams v. Perryman & Co. was treated in Kelly v. Andalusia Brick Co., 222 Ala. 203, 131 So. 559, in which it was pointed out that the claim of the creditors of the corporation is the right to subject the property to their debts, but that a stockholder so receiving assets of the dissolved corporation is not subject to a personal money judgment so long as he has the property intact in his possession subject at all times to be applied to the demand of the creditors. Under such circumstances, the right of the creditors is to have the property applied in equity to the payment of the debt.

There are three theories on which a liability exists at common law under the circumstances here mentioned, such as is referred to by the United States Supreme Court in the cases of Phillips-Jones Corp. v. Parmley, supra, as follows:

(1) If such stockholder disposes of the property and receives value for it, a court of equity will fasten a lien or trust upon the proceeds or their value in money and render a personal judgment against him; and because of that equitable right, a court of law will render a judgment against him as for money had and received. Ex parte Morton, 261 Ala. 581, 590, 75 So.2d 500, 508; Patton v. Darden, 227 Ala. 129(9), 148 So. 806; Peters v. Rhodes, 157 Ala. 25 (3), 47 So. 183; Westmoreland v. Foster, 60 Ala. 448(2), 455; see, also, Lowry v. Williams, 232 Ala. 386, 168 So. 436.

(2) If the stockholder does not sell such property for value, but converts it to his own use, or otherwise disposes of it without receiving value, he is liable in a suit at law in case for damages for the destruction of the lien. Callahan v. Auburn Production Credit Ass'n, 240 Ala. 104, 197 So. 347, 129 A.L.R. 893; Sovereign Camp, W. O. W. v. Feltman, 226 Ala. 390, 147 So. 396; Hurst v. Bell & Co., 72 Ala. 336(3).

(3) Although the stockholder may not be held personally liable for a moneyed judgment while he still has possession of the corporate assets, unless he refuses to surrender them or otherwise converts them, he has a duty, enforceable in equity, to apply them to the payment of the corporate debt for taxes to the United States since to that extent he became a trustee in invitum. Boothton Coal Mining Co. v. Tennessee Coal, Iron and Railroad Co., 257 Ala. 705, 60 So.2d 833; Carns v. Filler, 218 Ala. 100, 117 So. 672. It is also expressly held in Harrison v. Commissioner of Internal Revenue, supra. So that, when the United States Supreme Court declares that there is a liability already existing by reason of the trust relationship, it is amply supported by authority.

A similar question arose with respect to the federal income tax in the case of Magruder v. Supplee, 316 U.S. 394, 62 S.Ct. 1162, 86 L.Ed. 1555. Section 23(c) (1), Title 26 U.S.C.A. provides for a deduction from gross income (for income taxation) of "taxes paid or accrued within the taxable year," except as specified—not here material. The same theoretical situation existed in the Magruder case as is presented here, and the United States Supreme Court held that the liability of one purchasing property on which a tax lien exists for taxes due to the state and city, and its payment by him, was not payment for taxes assessed against him but for an incumbrance on the property so purchased, and that the deduction provided for by the statute clearly did not include the payment of a tax imposed upon another.

It is pertinent to determine the effect of the facts here set up upon the income tax liability of the taxpayer. If it is not deductible as a tax, what is it? That inquiry is specifically answered by features of the federal income tax law. Our own income

**686**

tax law contains some of the same features in substance, but the federal law is that which is here material to determine the meaning of the federal act here in question (to wit, section 311 [a] [1], *supra*). Section 115(c), Title 26 U.S.C.A. relates to the effect on federal income taxation of a distribution of assets of a corporation on dissolution. (It is in substance the same as section 403, Title 51, Alabama Code.) Section 115(c) provides that such distribution of assets to stockholders of a completely liquidated corporation "shall be treated as in * * * full payment in exchange for the stock".

The United States Supreme Court in Arrowsmith v. Commissioner of Internal Revenue, 344 U.S. 6, 73 S.Ct. 71, 73, 97 L.Ed. 6, held that section 115(c), 26 U.S.C.A. (section 403, Title 51, Alabama Code), "requires that liquidation distributions be treated as exchanges", and that losses as computed under its direction are "capital losses". It was therefore held that as to a taxpayer (who was a stockholder receiving assets of a dissolved corporation) making his return for federal income taxation, the effect of such a loss was to reduce the amount of the "capital gain" on which he was due to pay an income tax. The taxpayer is not here claiming a "capital loss" in the exchange of his stock for assets of the corporation computed as there required.

■ The question of whether a tax is imposed as such by the United States, is governed by federal law and the decisions of the United States Supreme Court. Those decisions without conflict, as we have stated, are clear and unequivocal that the amount of the tax is assessed to a stockholder receiving assets on dissolution of the corporation not because section 311(a) (1), supra, makes him liable for the debts of the corporation, but because he is liable for the amount thereof in equity or at law under common law principles, and that the statute, supra, does not lay a tax on such stockholder but only provides an additional remedy to collect an existing liability to pay a tax laid on another.

■ It results from the foregoing that in paying the deficiency, or his pro rata part of it, of Gimon Estates, Inc., this taxpayer was discharging a liability which was not a tax imposed on him by the United States but it was otherwise existing for which the United States provided a summary remedy in addition to such as may exist in equity or at law under applicable principles.

Appellant relies heavily upon the case of Commissioner of Internal Revenue v. Breyer, 3 Cir., 151 F.2d 267. In it the question for determination was not whether the stockholder was paying a tax imposed on him by the United States but whether the status here referred to made the stockholder a debtor to the United States so that the interest which he paid on it was subject to deduction. The court held that as of the time the stockholder received the corporate assets so incumbered, the amount of it became his debt, and if he paid interest for having deferred a discharge of it, the amount so paid was subject to deduction under section 23(b), Title 26 U.S.C.A. (1939). Also that section 311(a) (1), supra, created a personal debt to the United States in the amount of its lien on the transferred property. This is directly opposed to the decisions of the Supreme Court of the United States in the Phillips-Jones cases, supra, and many cases in courts of appeal of the United States, and reached a result in conflict with Nunan, Com. v. Green, 8 Cir., 146 F.2d 352.

The decree of the trial court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON STAKELY and MERRILL, JJ., concur.