WRIGHT, Presiding Judge.
The State of Alabama filed assessment of income tax against Kilborn. Kilborn appealed the assessment to circuit court. The State moved for summary judgment. Upon hearing, the court denied judgment to the State but entered judgment for the non-moving party. The State appeals. We reverse and render summary judgment for the State.
This matter arose out of the personal income tax return of Mary Joe Kilborn for the year 1972. The record indicates that Mrs. Kilborn filed her State income tax return for 1972, electing to take the standard deduction authorized by Title 51, Sec. 385(4), Code of Alabama (1940) in lieu of itemizing deductions under Sec. 385. After taking the standard deduction, Mrs. Kilborn also deducted $6,045.70 paid by her as federal inheritance tax upon the estate of her deceased husband. The State disallowed the deduction of the inheritance tax and made a delinquency assessment against Mrs. Kilborn for $337.95. Mrs. Kilborn appealed to circuit court claiming in her appeal that the tax deducted was her liability as the sole beneficiary of her deceased husband. She further alleged she was entitled to deduct such tax under Title 51, Sec. 385(c) of the Code.
The State in moving for summary judgment contended that Mrs. Kilborn had claimed the standard deduction under Sec. 385(4) and could claim no deduction under Sec. 385(c). Upon hearing and argument, the trial court determined there was no material issue of fact and that judgment should be granted, not to the State but to the non-moving party, Mrs. Kilborn.
We find the trial court erred as a matter of law.
*448 The issue presented is whether a taxpayer, having elected to use the standard deduction of Sec. 385(4) may also take deductions under Sec. 385(c).
A negative answer is dictated by the following provisions of Sec. 385(4)2:
“Provided that the exercise of the election to take the deduction provided for herein is irrevocable for the taxable year for which made and cannot be changed after the time prescribed by law for filing the income tax return; . . . .”
There can be no question in view of the statute but that an election is required of the taxpayer between itemizing or taking the standard deduction. A combination of the two is not possible. Neither may a change be made from one to the other after time for filing a return has expired. Certainly a change cannot be made to combat or avoid an assessment. The taxpayer here made an election which resulted in a deficiency assessment. Whether such deficiency could have been avoided by a different election is not material. However, we believe that the inheritance tax imposed upon the estate of Mrs. Kilborn’s husband would not be an allowable deduction on her personal income tax return. It was not a federal tax imposed upon her. Federal estate taxes are the burden of the estate and not the beneficiaries. Cox v. United States, 421 F.2d 576. Sloss v. State, 264 Ala. 680, 89 So.2d 174.
We determine the state to be entitled to judgment as a matter of law. The judgment of the trial court is reversed and judgment rendered in favor of the State.'
REVERSED AND RENDERED.
BRADLEY and HOLMES, JJ., concur.